**David Lopez BELTRAN, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 04–99–00510–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 6, 2000.

Joel Perez, Law Office of Joel Perez, San Antonio, for appellant.

Barbara Hervey, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice.

### OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

David Lopez Beltran ("Beltran") pled guilty to charges of aggravated sexual assault and indecency with a child. A jury found him guilty of both counts and assessed his punishment for the sexual assault charge at eight years confinement with a recommendation of community supervision. The jury assessed his punishment at two years confinement for the

indecency charge. We are called upon to decide whether the facts of this case support a conviction and sentence as to *both* charges. We conclude that the evidence supports the jury's verdict and affirm the trial court's judgment.

## BACKGROUND

Two neighbors witnessed Beltran masturbating while fondling P.V., a four-year-old boy. After Beltran finished masturbating, he wiped himself off with a towel. The neighbors then witnessed Beltran placing his mouth around the P.V.'s sexual organ. One of the witnesses summoned police, who later arrested Beltran.

The state charged Beltran with two counts arising from these actions:

### COUNT I

DAVID BELTRAN, hereinafter referred to as defendant ... did ... intentionally and knowingly CAUSE THE SEXUAL ORGAN OF [P.V., a child] TO PENETRATE THE MOUTH OF THE SAID DEFENDANT, AND THE SAID CHILD WAS THEN YOUNGER THAN FOURTEEN YEARS OF AGE;

### COUNT II

DAVID BELTRAN, hereinafter referred to as defendant, did ... knowingly and intentionally engage in sexual contact with [P.V.], A MALE CHILD AND, PART OF THE GENITALS of the said complainant with the intent to arouse and gratify the sexual desire of the defendant.

Beltran pled guilty and elected sentencing by jury. The jury found Beltran guilty and assessed his punishment for the first count at eight years confinement with a recommendation that Beltran be placed on community supervision. The jury assessed punishment for the second count at two years confinement in the Texas Department of Criminal Justice Institutional Division.

## DISCUSSION

In Beltran's sole point of error, he challenges the trial court's submission to the jury of both charges: aggravated sexual assault and indecency with a child. He argues that because indecency with a child is a lesser included offense of aggravated sexual assault, he was subjected to double jeopardy once he was convicted of both charges.[1] *Compare* TEX. PEN.CODE ANN. § 22.021(A)(1)(B) (Vernon Supp.2000) (aggravated sexual assault), *with id.* § 21.11 (indecency with a child). He argues that the conviction and sentence of both counts violate his guarantee against double jeopardy under the United States and Texas Constitutions.[2]

An offense is included within another if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981). Courts have held indecency with a child to be a lesser included offense of aggravated sexual assault, but only under certain circumstances. *See, e.g.,*

---

1. Beltran did not raise this double jeopardy complaint at trial. As this court noted in *DeMoss v. State,* this failure would normally mean that no error is preserved for our review. *See DeMoss v. State,* 12 S.W.3d 553, 559 n. 2 (Tex.App.-San Antonio 1999 pet. ref'd). "In cases where the trial court either knew or should have known of the jeopardy problem, no purpose is served in enforcing the state procedural rule and the defendant may assert this interest after trial." *Id.* As in *DeMoss,* the complained-of jeopardy problem consists of two convictions, before the same judge and jury, arising out of conduct that occurred during the same criminal episode. *Id.* Because the trial court should have known of this potential complication, Beltran may argue his double jeopardy claim in this proceeding. *See id.*

2. Beltran does not argue that the Texas double jeopardy clause differs from that of the Fifth Amendment in the United States Constitution. We will consider the double jeopardy issue under the federal constitution only. *See Hutchins v. State,* 992 S.W.2d 629, 630 (Tex. App.-Austin 1999, pet. ref'd, untimely filed).

## 534

*Ochoa v. State,* 982 S.W.2d 904, 908 (Tex. Crim.App.1998); *Cunningham v. State,* 726 S.W.2d 151, 153 (Tex.Crim.App.1987); *Marles v. State,* 919 S.W.2d 669, 672 (Tex. App.-San Antonio 1996, pet. ref'd). In *Ochoa,* the evidence at trial showed that only one offense had been committed. *See Ochoa,* 982 S.W.2d at 908. The State had introduced evidence of only one sexual offense committed by appellant on the day in question. *See id.* at 907. The child did not testify that appellant touched her more than once. *See id.* Evidence existed only that she complained that appellant "put his thing in her butt." *See id.*

■ A charge on the lesser-included offense of indecency with a child, in addition to aggravated sexual assault, would have been proper, however, "if the evidence at trial raised the issue that appellant intended to arouse or gratify his sexual desire while in the course of committing the alleged penetration." *Id.* Similarly, in *Hutchins v. State,* the appellant's touching of the complainant's genitalia "with his fingers was a separate and distinct act from his penetration of her female sexual organ with his penis." *See Hutchins v. State,* 992 S.W.2d 629, 633 (Tex.App.-Austin 1999, pet. ref'd, untimely filed). Our focus is "whether the evidence justified the trial court in submitting instructions that would permit the jury to convict and sentence appellant *both* for committing aggravated sexual assault *and* for committing indecency with a child" on a particular date. *Ochoa,* 982 S.W.2d at 907 (emphasis added).

In this case, evidence exists that Beltran committed more than one sexual offense on the day in question. Two witnesses testified that Beltran fondled P.V.'s sexual organ while Beltran was masturbating. The witnesses testified also that Beltran placed P.V.'s sexual organ in Beltran's mouth. The record supports the submission of both aggravated sexual assault and indecency with a child.

CONCLUSION

We affirm the trial court's judgment.