COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-106-CR
  
  
PAUL 
M. STOUT JR.                                                              APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Paul M. Stout, Jr. was charged by indictment with two counts of aggravated 
sexual assault of a child younger than fourteen years of age and one count of 
indecency with a child younger than seventeen years of age. The jury found him 
not guilty of the two aggravated sexual assault counts, but guilty of the 
indecency with a child count.  In four points, Appellant appeals from his 
conviction for the offense of indecency with a child.  See Tex. Penal Code Ann. § 21.11 (Vernon 
2003). In his first point, Appellant complains that the trial court erred by 
failing to certify that the complainant was a competent witness.  In his 
second point, he argues that the trial court erred by overruling his objection 
to the inclusion of aggravated sexual assault in the jury charge.  Finally, 
in points three and four, Appellant contends that he received ineffective 
assistance of counsel.  We will affirm.
Background 
Facts
        Appellant 
is the biological father of P.B.,[2] his seven year 
old daughter, who was subsequently adopted by Linda B. On May 23, 2000, Officer 
Dean Dameron of the Arlington Police Department received a telephone call from 
Melissa Stannard, L.B.’s[3] and P.B’s 
babysitter.  The call concerned the welfare of the two children, and during 
the course of Officer Dameron’s investigation he learned that Stannard 
believed the children had been sexually abused by Appellant.  Thereafter, 
the police took the children to CPS.  Appellant pled not guilty to the 
charges of aggravated sexual assault and indecency with a child.  He was 
found guilty of the indecency count and sentenced to fifteen years’ 
imprisonment.
Witness 
Competency
        In 
his first point, Appellant contends that P.B. was not competent to testify and 
that the trial court erred by failing to certify that P.B. was a competent 
witness. To preserve a complaint for our review, a party must have presented to 
the trial court a timely request, objection, or motion that states the specific 
grounds for the desired ruling if they are not apparent from the context of the 
request, objection, or motion. Tex. R. 
App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. 
Crim. App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 
(1999).  Further, the trial court must have ruled on the request, 
objection, or motion, either expressly or implicitly, or the complaining party 
must have objected to the trial court’s refusal to rule. Tex. R. App. P. 33.1(a)(2); Mendez v. 
State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Preservation of error is 
a systemic requirement that this court should review on its own motion. Martinez 
v. State, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); Hughes v. State, 
878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh’g), cert. denied, 
511 U.S. 1152 (1994).
        At 
trial, Appellant did not object to the substance or the manner of the trial 
court’s competency determination.  Moreover, Appellant did not object to 
the admission of P.B.’s testimony.  Consequently, Appellant has not 
preserved the issue for our review.  We overrule Appellant’s first point.
Jury Charge
        In 
point two, Appellant argues that the trial court erred by overruling his 
objection to the inclusion of the aggravated sexual assault count in the jury 
charge. Appellant complains that the evidence concerning the aggravated sexual 
assault charge was factually insufficient to support the jury charge.
        Appellate 
review of error in a jury charge involves a two-step process. Abdnor v. State, 
871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, we must determine whether 
error occurred. If so, we must then evaluate whether sufficient harm resulted 
from the error to require reversal. Id. at 731-32. Error in the charge, 
if timely objected to in the trial court, requires reversal if the error was 
“calculated to injure [the] rights of the defendant,” which means no more 
than that there must be some harm to the accused from the error. Tex. Code Crim. Proc. Ann. art. 36.19 
(Vernon 1981); see also Abdnor, 871 S.W.2d at 731-32; Almanza v. State, 
686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g). In other words, a 
properly preserved error will call for reversal as long as the error is not 
harmless. Almanza, 686 S.W.2d at 171. In making this determination, 
“the actual degree of harm must be assayed in light of the entire jury charge, 
the state of the evidence, including the contested issues and weight of 
probative evidence, the argument of counsel and any other relevant information 
revealed by the record of the trial as a whole.” Id.; see also 
Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).
        This 
court has found numerous cases where the jury charge contained both offenses of 
aggravated sexual assault and the offense of indecency with a child by contact. Ochoa 
v. State, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998); Elder v. State, 
132 S.W.3d 20, 23 (Tex. App.—Fort Worth 2004, pet. ref’d), cert. denied, 
2005 WL 637460 (2005); In re J.H., 150 S.W.3d 477, 483-84 (Tex. 
App.—Austin 2004, pet. denied); Bottenfield v. State, 77 S.W.3d 349, 
357-58 (Tex. App.—Fort Worth 2002, pet. ref’d), cert. denied, 539 
U.S. 916 (2003); DeMoss v. State, 12 S.W.3d 553, 561 (Tex. App.—San 
Antonio 1999, pet. ref’d); Hutchins v. State, 992 S.W.2d 629, 632 (Tex. 
App.—Austin 1999, pet ref’d, untimely filed). In those cases, the appellant 
was found guilty for both offenses, and on appeal the issue was whether double 
jeopardy applies. However, this case is distinguishable because here Appellant 
was found guilty only of indecency with a child by contact and not aggravated 
sexual assault. The issue in this case then is whether the evidence justified 
the trial court in submitting instructions that would permit the jury to convict 
and sentence Appellant both for committing aggravated sexual assault and for 
committing indecency with a child.
        In 
Ochoa v. State, the court of criminal appeals looked to the evidence 
adduced at trial to determine whether the appellant had committed two separate 
offenses or only one. 982 S.W.2d at 908. The testimony at trial was that Ochoa 
touched the victim only once on a particular day. Id. at 906. The court 
held that the evidence indicated that Ochoa committed only one offense on that 
date and that the trial court should not have submitted the case to the jury in 
such a manner that would allow the jury to convict Ochoa twice for the same 
offense.  Id. at 908.
        However, 
Ochoa is distinguishable from our case. At trial, P.B. testified that 
Appellant “touched my private parts.” When the State asked whether Appellant 
touched her on top of the panties or underneath, P.B. responded, “[w]ith my 
pants on.”[4]   Additionally, Stannard, 
who testified as an outcry witness, recalled one occasion where P.B. told her 
that “[d]addy hurt me in my bobo.”  Furthermore, Dr. Coffman testified 
that during her examination of P.B. on June 5, 2000, P.B. told her that “Daddy 
put his tee-tee and pointed to her genitals at that point and said he put it 
there and on her leg and she touched her right thigh showing where.  And 
then she also said on the bottom and touched her bottom to show me 
where.”  Moreover, P.B.’s foster mother relayed to Dr. Coffman that 
P.B. told her that her daddy “F - - -‘s me and pulls her panties down.  
And . . . Daddy put his tee-tee here and pointed to her genitals and bent over 
and said here and pointed to her anal area.”
        Assuming, 
without deciding, the two acts in P.B.’s case may have been committed during 
the same occurrence, Appellant’s touching of P.B.’s genitals and anal area 
with his hand was a separate and distinct criminal act from contacting her 
sexual organ with his penis.  Tex. 
Penal Code Ann. §§ 21.11(a)(1), 22.021(a)(1)(B); see Hutchins v. 
State, 992 S.W.2d at 633; see also Murray v. State, 24 S.W.3d 881, 
889 (Tex. App.—Waco 2000, pet. ref’d); DeMoss v. State, 12 
S.W.3d at 560.  Because the evidence was sufficient to show that more than 
one offense was committed by Appellant with P.B., the submission of both 
aggravated sexual assault and indecency with a child was proper. See Beltran 
v. State, 30 S.W.3d 532, 534 (Tex. App.—San Antonio 2000, no pet.); Hutchins, 
992 S.W.2d at 633.  We hold that the trial court did not err because the 
evidence was sufficient to include the aggravated sexual assault count in the 
jury charge.
        Within 
Appellant’s second point he argues that improperly including the aggravated 
sexual assault offense in the jury charge constituted a comment on the weight of 
the evidence.  However, because we hold that the jury charge was properly 
submitted we need not address this issue.  Accordingly, we overrule 
Appellant’s second point.
Ineffective 
Assistance of Counsel
        In 
points three and four, Appellant complains that he received ineffective 
assistance of counsel.  Specifically, he argues that trial counsel was 
ineffective for failing to object to hearsay statements and by failing to obtain 
adverse rulings regarding objectionable evidence.
        We 
apply a two-pronged test to ineffective assistance of counsel claims.  Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant 
must show that his counsel's performance was deficient; second, appellant must 
show the deficient performance prejudiced the defense.  Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064.
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each 
case.  Thompson, 9 S.W.3d at 813.  The issue is whether 
counsel's assistance was reasonable under all the circumstances and prevailing 
professional norms at the time of the alleged error.  See Strickland, 
466 U.S. at 688-89, 104 S. Ct. at 2065. “[C]ounsel is strongly presumed to 
have rendered adequate assistance and made all significant decisions in the 
exercise of reasonable professional judgment.”  Id. at 690, 104 S. 
Ct. at 2066.  An allegation of ineffective assistance must be firmly 
founded in the record, and the record must affirmatively demonstrate the alleged 
ineffectiveness.  Thompson, 9 S.W.3d at 813.  Our scrutiny of 
counsel's performance must be highly deferential, and every effort must be made 
to eliminate the distorting effects of hindsight.  Strickland, 466 
U.S. at 689, 104 S. Ct. at 2065.
        The 
second prong of Strickland requires a showing that counsel's errors were 
so serious that they deprived the defendant of a fair trial, i.e., a trial whose 
result is reliable. Id. at 687, 104 S. Ct. at 2064. In other words, 
appellant must show there is a reasonable probability that, but for counsel's 
unprofessional errors, the result of the proceeding would have been 
different.  Id. at 694, 104 S. Ct. at 2068. A reasonable probability 
is a probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of the 
proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. 
at 2070.
        An 
appellate court is not required to indulge in speculation concerning counsel's 
decision making processes or to imagine reasons why counsel acted or failed to 
act in a particular manner.  Jackson v. State, 877 S.W.2d 768, 771 
(Tex. Crim. App. 1994). Thus, when the record is silent as to counsel's reasons 
for performing or failing to perform in the manner alleged, we cannot conclude 
that counsel's performance was deficient.  Id.  As the court of 
criminal appeals has pointed out and this court has noted, the record on direct 
appeal is generally insufficient to show that counsel's performance was so 
deficient as to meet the first part of the Strickland 
standard.   Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. 
App. 2002); Thompson, 9 S.W.3d at 813-14; Ex parte Okere, 56 
S.W.3d 846, 855-56 (Tex. App.—Fort Worth 2001, pet. ref'd); Patterson v. 
State, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.).  We 
find this to be particularly true in the case now before us.  Appellant did 
not file a motion for new trial raising ineffective assistance that would have 
allowed counsel to explain any trial strategy upon which his decisions may have 
been based.  Because there is no record to show trial counsel's reasons for 
acting or failing to act in the manner challenged by Appellant, we hold that 
Appellant has failed to establish that his counsel's assistance was 
ineffective.  We overrule points three and four.
Conclusion
        Having 
overruled Appellant’s four points, we affirm the trial court’s judgment.
   
  
                                                                  PER 
CURIAM
 
 
PANEL 
B:   HOLMAN, DAUPHINOT, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 28, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
To protect the privacy of the parties involved in this appeal, we identify the 
children involved by initials only and the children’s adoptive mother by first 
name and last initial only.  See Tex. Fam. Code Ann. § 109.002(d) 
(Vernon 2002).
3.  
L.B. is P.B.’s older sister. L.B. is not the injured party in this case.  
However, when Appellant testified he admitted to rubbing L.B.’s bottom by 
mistake one night when he thought that it was his wife in bed with him.
4.  
Appellant’s trial counsel did introduce into evidence a videotape of the CPS 
interview with P.B.  During the interview P.B. did not describe the same 
incidents that she testified to in court.  However, there is no requirement 
that properly admitted outcry testimony be corroborated or substantiated by the 
victim or independent evidence.  Rodriguez v. State, 819 S.W.2d 871, 
874 (Tex. Crim. App. 1991).