STOUT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-106-CR

PAUL M. STOUT JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Paul M. Stout, Jr. was charged by indictment with two counts of aggravated sexual assault of a child younger than fourteen years of age and one count of indecency with a child younger than seventeen years of age.  The jury found him not guilty of the two aggravated sexual assault counts, but guilty of the indecency with a child count.  In four points, Appellant appeals from his conviction for the offense of indecency with a child.  
See
 
Tex. Penal Code Ann
. § 21.11 (Vernon 2003).  In his first point, Appellant complains that the trial court erred by failing to certify that the complainant was a competent witness.  In his second point, he argues that the trial court erred by overruling his objection to the inclusion of aggravated sexual assault in the jury charge.  Finally, in points three and four, Appellant contends that he received ineffective assistance of counsel.  We will affirm.

Background Facts

Appellant is the biological father of P.B.,
(footnote: 2) his seven year old daughter, who was subsequently adopted by Linda B.  On May 23, 2000, Officer Dean Dameron of the Arlington Police Department received a telephone call from Melissa Stannard, L.B.’s
(footnote: 3) and P.B’s babysitter.  The call concerned the welfare of the two children, and during the course of Officer Dameron’s investigation he learned that Stannard believed the children had been sexually abused by Appellant.  Thereafter, the police took the children to CPS.  Appellant pled not guilty to the charges of aggravated sexual assault and indecency with a child.  He was found guilty of the indecency count and sentenced to fifteen years’ imprisonment.

Witness Competency

In his first point, Appellant contends that P.B. was not competent to testify and that the trial court erred by failing to certify that P.B. was a competent witness.  
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  Preservation of error is a systemic requirement that this court should review on its own motion.  
Martinez v. State
, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); 
Hughes v. State
, 878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh’g), 
cert. denied
, 511 U.S. 1152 (1994).

At trial, Appellant did not object to the substance or the manner of the trial court’s competency determination.  Moreover, Appellant did not object to the admission of P.B.’s testimony.  Consequently, Appellant has not preserved the issue for our review.  We overrule Appellant’s first point.

Jury Charge

In point two, Appellant argues that the trial court erred by overruling his objection to the inclusion of the aggravated sexual assault count in the jury charge.  Appellant complains that the evidence concerning the aggravated sexual assault charge was factually insufficient to support the jury charge.

Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal.  
Id.
 at 731-32.  Error in the charge, if timely objected to in the trial court, requires reversal if the error was “calculated to injure [the] rights of the defendant,” which means no more than that there must be 
some
 harm to the accused from the error.  
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 1981); 
see also Abdnor
, 871 S.W.2d at 731-32; 
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).  In other words, a properly preserved error will call for reversal as long as the error is not harmless.  
Almanza
, 686 S.W.2d at 171.  In making this determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.”  
Id.
; 
see also Ovalle v. State
, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).

This court has found numerous cases where the jury charge contained both offenses of aggravated sexual assault and the offense of indecency with a child by contact.  
Ochoa v. State
, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998); 
Elder v. State, 
132 S.W.3d 20, 23 (Tex. App.—Fort Worth 2004, pet. ref’d), 
cert. denied
, 2005 WL 637460 (2005); 
In re J.H., 
150 S.W.3d 477, 483-84 (Tex. App.—Austin 2004, pet. denied); 
Bottenfield v. State
, 77 S.W.3d 349, 357-58 (Tex. App.—Fort Worth 2002, pet. ref’d), 
cert. denied
, 539 U.S. 916 (2003); 
DeMoss v. State
, 12 S.W.3d 553, 561 (Tex. App.—San Antonio 1999, pet. ref’d); 
Hutchins v. State
, 992 S.W.2d 629, 632 (Tex. App.—Austin 1999, pet ref’d, untimely filed).  In those cases, the appellant was found guilty for both offenses, and on appeal the issue was whether double jeopardy applies.  However, this case is distinguishable because here Appellant was found guilty only of indecency with a child by contact and not aggravated sexual assault.  The issue in this case then is whether the evidence justified the trial court in submitting instructions that would permit the jury to convict and sentence Appellant both for committing aggravated sexual assault and for committing indecency with a child.

In 
Ochoa v. State
, the court of criminal appeals looked to the evidence adduced at trial to determine whether the appellant had committed two separate offenses or only one.  982 S.W.2d at 908.  The testimony at trial was that Ochoa touched the victim only once on a particular day. 
 Id
. at 906.  The court held that the evidence indicated that Ochoa committed only one offense on that date and that the trial court should not have submitted the case to the jury in such a manner that would allow the jury to convict Ochoa twice for the same offense.  
Id.
 at 908.

However
, Ochoa
 is distinguishable from our case.  At trial, P.B. testified that Appellant “touched my private parts.”  When the State asked whether Appellant touched her on top of the panties or underneath, P.B. responded, “[w]ith my pants on.”
(footnote: 4)  Additionally, Stannard, who testified as an outcry witness, recalled one occasion where P.B. told her that “[d]addy hurt me in my bobo.”  Furthermore, Dr. Coffman testified that during her examination of P.B. on June 5, 2000, P.B. told her that “Daddy put his tee-tee and pointed to her genitals at that point and said he put it there and on her leg and she touched her right thigh showing where.  And then she also said on the bottom and touched her bottom to show me where.”  Moreover, P.B.’s foster mother relayed to Dr. Coffman that P.B. told her that her daddy “F - - -‘s me and pulls her panties down.  And . . . Daddy put his tee-tee here and pointed to her genitals and bent over and said here and pointed to her anal area.”

Assuming, without deciding, the two acts in P.B.’s case may have been committed during the same occurrence, Appellant’s touching of P.B.’s genitals and anal area with his hand was a separate and distinct criminal act from contacting her sexual organ with his penis.  
Tex. Penal Code Ann
. §§ 21.11(a)(1), 22.021(a)(1)(B); 
see Hutchins v. State
, 992 S.W.2d at 633; 
see also Murray v. State
, 24 S.W.3d 881, 889 (Tex. App.—Waco 2000, pet. ref’d); 
DeMoss v
. 
State
, 12 S.W.3d at 560.  Because the evidence was sufficient to show that more than one offense was committed by Appellant with P.B., the submission of both aggravated sexual assault and indecency with a child was proper.  
See Beltran v. State
, 30 S.W.3d 532, 534 (Tex. App.—San Antonio 2000, no pet.); 
Hutchins
, 992 S.W.2d at 633.  We hold that the trial court did not err because the evidence was sufficient to include the aggravated sexual assault count in the jury charge.

Within Appellant’s second point he argues that improperly including the aggravated sexual assault offense in the jury charge constituted a comment on the weight of the evidence.  However, because we hold that the jury charge was properly submitted we need not address this issue.  Accordingly, we overrule Appellant’s second point.

Ineffective Assistance of Counsel

In points three and four, Appellant complains that he received ineffective assistance of counsel.  Specifically, he argues that trial counsel was ineffective for failing to object to hearsay statements and by failing to obtain adverse rulings regarding objectionable evidence.

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that his counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 813.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id.
 at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

An appellate court is not required to indulge in speculation concerning counsel's decision making processes or to imagine reasons why counsel acted or failed to act in a particular manner.  
Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  Thus, when the record is silent as to counsel's reasons for performing or failing to perform in the manner alleged, we cannot conclude that counsel's performance was deficient.  
Id
.  As the court of criminal appeals has pointed out and this court has noted, the record on direct appeal is generally insufficient to show that counsel's performance was so deficient as to meet the first part of the 
Strickland
 standard.  
Mitchell v. State
, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); 
Thompson
, 9 S.W.3d at 813-14; 
Ex parte Okere
, 56 S.W.3d 846, 855-56 (Tex. App.—Fort Worth 2001, pet. ref'd); 
Patterson v. State
, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.).  We find this to be particularly true in the case now before us.  Appellant did not file a motion for new trial raising ineffective assistance that would have allowed counsel to explain any trial strategy upon which his decisions may have been based.  Because there is no record to show trial counsel's reasons for acting or failing to act in the manner challenged by Appellant, we hold that Appellant has failed to establish that his counsel's assistance was ineffective.  We overrule points three and four.

Conclusion

Having overruled Appellant’s four points, we affirm the trial court’s judgment.

PER CURIAM

PANEL B: HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 28, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
To protect the privacy of the parties involved in this appeal, we identify the children involved by initials only and the children’s adoptive mother by first name and last initial only.  
See
 
Tex. Fam. Code Ann. 
§ 109.002(d) (Vernon 2002).

3:
L.B. is P.B.’s older sister.  L.B. is not the injured party in this case.  However, when Appellant testified he admitted to rubbing L.B.’s bottom by mistake one night when he thought that it was his wife in bed with him.

4:
Appellant’s trial counsel did introduce into evidence a videotape of the CPS interview with P.B. 
During the interview P.B. did not describe the same incidents that she testified to in court.  However, there is no requirement that properly admitted outcry testimony be corroborated or substantiated by the victim or independent evidence.  
Rodriguez v. State
, 819 S.W.2d 871, 874 (Tex. Crim. App. 1991).