COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-353-CR

 

FAIVA PELE POTI                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

MEMORANDUM
OPINION[1]

 

------------

I.  Introduction

Appellant Faiva Pele Poti
appeals his two convictions and sentences for sexual assault of a child and
indecency with a child.  In one issue,
appellant complains that the convictions violate the double jeopardy protections
of the state and federal constitutions, which prohibit a defendant from
receiving multiple punishments for the same offense.  We affirm.

 








II.  Background Facts

On June 15, 2005, C.F., a
fourteen-year-old girl, spent the night at her grandmother=s apartment in Euless, Texas. 
The next morning, C.F., who was sleeping on a couch in the living room,
woke up and found appellant, her twenty-three-year-old cousin, with his hand
underneath the covers and inside her panties; he was touching the inside of her
anus. 

When C.F. looked up at him, appellant pulled his
hand out from underneath the covers and Ajust sat there pretending he wasn=t doing anything.@ 

After C.F. turned over to try
to go back to sleep, appellant again placed his hand underneath the covers and
inside C.F.=s panties,
penetrating her anus with his finger. 
C.F. Akept turning
around@ on the couch to try to get appellant to stop.  Finally, appellant rose from the couch and
asked if C.F. needed five dollars for a phone card.  After C.F. said Ano@ and lay
back down, appellant left the living room. 
C.F. immediately got up and went into her grandmother=s bedroom. 

Eventually, C.F. called her
mother and told her to come pick her up. 
When C.F.=s mother
arrived, C.F. met her at the car and told her about the touching.  C.F.=s mother immediately called the police and went into the apartment to
yell at appellant.  Subsequently,
appellant was arrested, and the State charged him with two crimes arising from
this incident:








[COUNT
ONE:] FAIVA PELE POTI, hereinafter called defendant . . . did . . . intentionally
or knowingly cause the penetration of the anus of C.F., a child younger than 17
years of age who was not the spouse of the said defendant by inserting his
finger into the anus of C.F.,

 

COUNT
TWO: . . . that the defendant . . . did . . . intentionally, with the intent to
arouse or gratify the sexual desire of said defendant, engage in sexual contact
by touching the anus of C.F., a child younger than 17 years and not the spouse
of the defendant.

 

A jury found appellant guilty on both counts and
sentenced him to eight years= imprisonment for the sexual assault of a child (Count 1) and six
years= imprisonment for the indecency with a child (Count 2), with the
sentences to be served concurrently. 
This appeal followed. 

III.  Discussion

In his sole issue, appellant
contends that the trial court erred in submitting both charges to the
jury.  Specifically, appellant argues
that because indecency with a child is a lesser-included offense of sexual assault,
he was subjected to double jeopardy once he was convicted of both charges
because he received multiple punishments for one crime. 

A.  Preservation of Error













Appellant failed to raise
this double jeopardy complaint at trial. 
Normally, this failure would mean that no error is preserved for our
review.  Gonzalez v. State, 8
S.W.3d 640, 642 (Tex. Crim. App. 2000); Beltran v. State, 30
S.W.3d 532, 533 (Tex. App.CSan Antonio 2000, no pet.). 
However, because of the fundamental nature of double jeopardy
protections, a double jeopardy claim may be raised for the first time on appeal
when the undisputed facts show the double jeopardy violation is clearly
apparent on the face of the record and when enforcement of the usual rules of
procedural default serves no legitimate state interest.  Gonzalez, 8 S.W.3d at 643.  When the double jeopardy violation is not
clearly apparent on the face of the record, but the trial court either knew or
should have known of a jeopardy problem, such a claim may also be raised for
the first time on appeal.  See
Beltran, 30 S.W.3d at 533 n.1 (holding that appellant could bring his
double jeopardy claim for the first time on appeal because his convictions
occurred before the same judge and jury, arising out of conduct that occurred
during the same criminal episode); see also Bailey v. State, No.
02-05-00394-CR, 2007 WL 79544, at *8 (Tex. App.CFort Worth Jan. 11, 2007, pet. ref=d) (not designated for publication) (analyzing Beltran).  Like in Beltran and Bailey, the
complained of jeopardy problem in this case consists of two convictions before
the same judge and jury, arising out of conduct that occurred during the same
criminal episode.[2]
 See Beltran, 30 S.W.3d at 533; see
also Bailey, 2007 WL 79544, at *8. 
Thus, appellant may bring his double jeopardy claim for the first time
on appeal because the trial court should have known of the potential
problem.        

B.  Double Jeopardy

An offense is included within
another if it is established by proof of the same or less than all the facts
required to establish the commission of the offense charged.  Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 2006).[3]
Indecency with a child is a lesser-included offense of sexual assault under
some circumstances.  See, e.g., Ochoa
v. State, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998) (holding that the
defendant should not have been charged with both indecency with a child and
sexual assault, but instead, indecency with a child should have been submitted
as a lesser-included offense because there was evidence of only one act by the
appellant).  








However, separate charges of
indecency with a child and sexual assault of a child are proper when the
evidence indicates that two separate offenses took place.  See Patterson v. State,
152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (holding that when two penetrations
were separated by a short period of time, two independent assaults occurred,
and it was proper to submit two different charges to the jury); Tyson v.
State, 172 S.W.3d 172, 178 (Tex. App.CFort Worth 2005, pet. ref=d) (holding that in a prosecution for aggravated sexual assault of a
child based on different acts occurring in the same transaction, each act is a
separate offense under section 22.021 of the penal code unless one of the acts
would be subsumed by another, such as contact subsumed by penetration);  Bottenfield v. State, 77 S.W.3d 349,
358 (Tex. App.CFort Worth
2002, pet. ref=d) (holding
that even
though appellant=s two acts may have been committed during
the same occurrence, appellant=s touching of
victim=s genitals with
his finger was a separate and distinct criminal act from touching her genitals
with his penis), cert. denied, 539 U.S. 916 (2003).








Here, evidence at trial
demonstrated that appellant committed more than one sexual offense on June 15,
2005.  The evidence introduced at trial
indicated that appellant initially touched the inside of C.F.=s anus, and when she woke up and looked at him, he pulled his hand out
of her panties and stopped.  When C.F. turned
around to try to go back to sleep, appellant again reached into the
covers and into C.F.=s panties,
penetrating her anus with his finger.[4]
Thus, appellant=s acts were
not continuous; they were separated by a short period of time, making them
separate offenses under section 22.021 of the penal code.  See Tex.
Penal Code Ann. ' 22.021
(Vernon Supp. 2006); Patterson, 152 S.W.3d at 92; Tyson, 172
S.W.3d at 178; Bottenfield, 77 S.W.3d at 358.  Therefore, the trial court did not err by
submitting both charges to the jury. 

IV.  Conclusion

 

We overrule appellant=s issue and affirm the trial court=s judgment.  

 

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL
F:    CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.

 

DO NOT PUBLISH                                        

Tex. R. App. P. 47.2(b)

DELIVERED:
July 12, 2007                            











[1]See Tex. R. App. P. 47.4.





[2]The penal code defines Acriminal episode@ as

 

[T]he commission of two or more
offenses, regardless of whether the harm is directed toward or inflicted upon
more than one person or item of property, under the following circumstances:

1) the offenses are committed
pursuant to the same transaction or pursuant to two or more transactions that
are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated
commission of the same or similar offenses.

 

Tex. Penal Code Ann. ' 3.01
(Vernon 2003).





[3]See
generally Grotti v. State, 209 S.W.3d 747, 773 (Tex. App.CFort
Worth 2006, pet. granted) (discussing jury instructions on lesser included
offenses).  





[4]Although
the facts presented at trial may have established that appellant committed two
acts of sexual assault of a child, he was only indicted for one act of sexual
assault of a child and for one act of indecency with a child.  Because, under the facts of this case,
indecency with a child is a lesser included offense of sexual assault of a
child, it was not error to indict appellant for the lesser charge or submit the
lesser charge to the jury.  See Ochoa,
982 S.W.2d at 908.