POTI V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-353-CR

FAIVA PELE POTI APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Faiva Pele Poti appeals his two convictions and sentences for sexual assault of a child and indecency with a child.  In one issue, appellant complains that the convictions violate the double jeopardy protections of the state and federal constitutions, which prohibit a defendant from receiving multiple punishments for the same offense.  We affirm.

II.  Background Facts

On June 15, 2005, C.F., a fourteen-year-old girl, spent the night at her grandmother’s apartment in Euless, Texas.  The next morning, C.F., who was sleeping on a couch in the living room, woke up and found appellant, her twenty-three-year-old cousin, with his hand underneath the covers and inside her panties; he was touching the inside of her anus. 

When C.F. looked up at him, appellant pulled his hand out from underneath the covers and “just sat there pretending he wasn’t doing anything.” 

After C.F. turned over to try to go back to sleep, appellant again placed his hand underneath the covers and inside C.F.’s panties, penetrating her anus with his finger.  C.F. “kept turning around” on the couch to try to get appellant to stop.  Finally, appellant rose from the couch and asked if C.F. needed five dollars for a phone card.  After C.F. said “no” and lay back down, appellant left the living room.  C.F. immediately got up and went into her grandmother’s bedroom. 

Eventually, C.F. called her mother and told her to come pick her up.  When C.F.’s mother arrived, C.F. met her at the car and told her about the touching.  C.F.’s mother immediately called the police and went into the apartment to yell at appellant.  Subsequently, appellant was arrested, and the State charged him with two crimes arising from this incident:

[COUNT ONE:] FAIVA PELE POTI, hereinafter called defendant . . . did . . . intentionally or knowingly cause the penetration of the anus of C.F., a child younger than 17 years of age who was not the spouse of the said defendant by inserting his finger into the anus of C.F.,

COUNT TWO: . . . that the defendant . . . did . . . intentionally, with the intent to arouse or gratify the sexual desire of said defendant, engage in sexual contact by touching the anus of C.F., a child younger than 17 years and not the spouse of the defendant.

A jury found appellant guilty on both counts and sentenced him to eight years’ imprisonment for the sexual assault of a child (Count 1) and six years’ imprisonment for the indecency with a child (Count 2), with the sentences to be served concurrently.  This appeal followed. 

III.  Discussion

In his sole issue, appellant contends that the trial court erred in submitting both charges to the jury.  Specifically, appellant argues that because indecency with a child is a lesser-included offense of sexual assault, he was subjected to double jeopardy once he was convicted of both charges because he received multiple punishments for one crime. 

A.  Preservation of Error

Appellant failed to raise this double jeopardy complaint at trial.  Normally, this failure would mean that no error is preserved for our review.  
Gonzalez v. State, 
8 S.W.3d 640, 642 (Tex. Crim. App. 2000);
 Beltran
 
v. State, 
30 S.W.3d 532, 533 (Tex. App.—San Antonio 2000, no pet.).  However, because of the fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of the usual rules of procedural default serves no legitimate state interest.  
Gonzalez, 
8 S.W.3d at 643.  When the double jeopardy violation is not clearly apparent on the face of the record, but the trial court either knew or should have known of a jeopardy problem, such a claim may also be raised for the first time on appeal.
  
See Beltran, 
30 S.W.3d at 533 n.1 (holding that appellant could bring his double jeopardy claim for the first time on appeal because his convictions occurred before the same judge and jury, arising out of conduct that occurred during the same criminal episode); 
see also Bailey v. State
, No. 02-05-00394-CR, 2007 WL 79544, at *8 (Tex. App.—Fort Worth Jan. 11, 2007, pet. ref’d) (not designated for publication) (analyzing 
Beltran
).  Like
 in 
Beltran
 and 
Bailey
, the complained of jeopardy problem in this case consists of two convictions before the same judge and jury, arising out of conduct that occurred during the same criminal episode.
(footnote: 2) 
 See Beltran, 
30 S.W.3d at 533; 
see also Bailey
, 2007 WL 79544, at *8.  Thus, appellant may bring his double jeopardy claim for the first time on appeal because the trial court should have known of the potential problem.        

B.  Double Jeopardy

An offense is included within another if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 2006).
(footnote: 3) 
Indecency with a child is a lesser-included offense of sexual assault under some circumstances.  
See, e.g., Ochoa v. State
, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998) (holding that the defendant should not have been charged with both indecency with a child and sexual assault, but instead, indecency with a child should have been submitted as a lesser-included offense because there was evidence of only one act by the appellant).  

However, separate charges of indecency with a child and sexual assault of a child are proper when the evidence indicates that two separate offenses took place.  
See
 
Patterson
 
v. State
, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (holding that when two penetrations were separated by a short period of time, two independent assaults occurred, and it was proper to submit two different charges to the jury); 
Tyson
 
v. State
, 172 S.W.3d 172, 178 (Tex. App.—Fort Worth 2005, pet. ref’d) (holding that in a prosecution for aggravated sexual assault of a child based on different acts occurring in the same transaction, each act is a separate offense under section 22.021 of the penal code unless one of the acts would be subsumed by another, such as contact subsumed by penetration);  
Bottenfield v. State
, 
77 S.W.3d 349, 358 (Tex. App.—Fort Worth 2002, pet. ref’d) (
holding that 
even though appellant’s two acts may have been committed during the same occurrence, appellant’s touching of victim’s genitals with his finger was a separate and distinct criminal act from touching her genitals with his penis), 
cert. denied
, 539 U.S. 916 (2003).

Here, evidence at trial demonstrated that appellant committed more than one sexual offense on June 15, 2005.  The evidence introduced at trial indicated that appellant initially touched the inside of C.F.’s anus, and when she woke up and looked at him, he pulled his hand out of her panties and stopped.  When C.F. turned around to try to go back to sleep, appellant 
again
 reached into the covers and into C.F.’s panties, penetrating her anus with his finger.
(footnote: 4) Thus, appellant’s acts were not continuous; they were separated by a short period of time, making them separate offenses under section 22.021 of the penal code.  
See
 
Tex. Penal Code Ann.
 § 22.021 (Vernon Supp. 2006);
 Patterson
, 152 S.W.3d at 92; 
Tyson
, 172 S.W.3d at 178; 
Bottenfield
, 
77 S.W.3d at 358.  Therefore, the trial court did not err by submitting both charges to the jury. 

IV.  Conclusion

We overrule appellant’s issue and affirm the trial court’s judgment.  

TERRIE LIVINGSTON

JUSTICE

PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED: July 12, 2007 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The penal code defines “criminal episode” as

[T]he commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

Tex. Penal Code Ann.
 § 3.01 (Vernon 2003).

3:
See generally Grotti v. State
, 209 S.W.3d 747, 773 (Tex. App.—Fort Worth 2006, pet. granted) (discussing jury instructions on lesser included offenses).  

4:
Although the facts presented at trial may have established that appellant committed two acts of sexual assault of a child, he was only indicted for one act of sexual assault of a child and for one act of indecency with a child.  Because, under the facts of this case, indecency with a child is a lesser included offense of sexual assault of a child, it was not error to indict appellant for the lesser charge or submit the lesser charge to the jury.  
See Ochoa
, 982 S.W.2d at 908.