

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-366-CR

BRENDON LEE MEDCALF                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Brendon Lee Medcalf appeals from his conviction for indecency with a child by contact. In two points, he argues that his conviction is barred by double jeopardy and that the evidence is legally insufficient to support the jury's verdict. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

**Background**

The grand jury indicted Appellant for aggravated sexual assault of a child under the age of fourteen by penetrating the complainant's sexual organ with his sexual organ (count one) and by contacting her sexual organ with his sexual organ (count two) and for indecency with a child by touching her genitals (count 3). *See* Tex. Penal Code Ann. §§ 21.11(a)(1) (Vernon 2003), 22.021(a)(1), (2)(B) (Vernon Supp. 2008). The indictment alleged that all counts occurred "on or about" January 15, 1999.

The complainant, A.N., is Appellant's stepsister. She testified that on several occasions when she was in the first and second grade and her mother was married to Appellant's father, Appellant woke her up, took her to his room, and penetrated her female sexual organ with his penis. She also testified that he touched her mouth, but she did not say with what part of his body. A.N. further stated that when she was in the fifth grade and after her mother and Appellant's father had divorced, she and her sister spent the night at Appellant's father's house. She testified that Appellant touched her genitals under her clothes with his hand. A.N. said that she first reported Appellant's conduct to her grandmother, Nona, in 2006 when she was an eighth grader. On cross-examination, she testified that she had also told four friends in 2005.

She also said that she had not told the district attorney about the fifth grade incident until four or five days before trial.

Nona testified that in early 2006, she confronted A.N. about spending too much time with an older boy from church. She said that A.N. broke down and told her that Appellant used to go to her bedroom at night, take her to his room, and "do things to her." Nona stated that she reported A.N.'s outcry to A.N.'s mother, Cindy, a week later. On cross-examination, Nona testified that several months after A.N. made her initial outcry, she told Nona that "there was full penetration."

Texas Ranger Joe Hutson testified that at the request of the Hood County District Attorney's Office, he set up a "controlled phone call" in March 2006. He explained that he met A.N. at Nona's house, set up telephone recording equipment, and instructed A.N. to call Appellant in the hope of "fleshing out the truth of the matter." A.N. spoke to Appellant on the phone, and Hutson recorded the call. A few days later, Huston interviewed Appellant at his place of employment. Again, he recorded the conversation. The State played both recordings to the jury. Neither A.N. nor Appellant mentioned sex in the telephone call, and Appellant denied having done anything wrong in his interview with Hutson.

3

Jacqueline Hess, a nurse formerly with Cook Children's Hospital's sexual abuse team, testified that she interviewed and examined A.N. in March 2006. She said that A.N. told her that when she was six or seven, Appellant put his penis in her vagina and mouth "almost every night."

During deliberations on guilt/innocence, the jury notified the trial court that it had reached a verdict on counts one and three but was deadlocked on count two. The State moved to dismiss counts one and two, and Appellant's counsel agreed to the dismissal. The jury then returned a verdict of guilty on count three, the indecency by contact count. The jury went on to assess punishment at ten years' confinement, and the trial court rendered judgment accordingly.

**Double Jeopardy**

In his first point, Appellant argues that double jeopardy bars his conviction for indecency with a child because the State dismissed the aggravated sexual assault counts after jeopardy attached.

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense. U.S. CONST. AMEND. V. Generally, this clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments

4

for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); *Ex parte Herron*, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh'g). To determine whether two offenses are the same, we must examine the elements of the applicable statutes to determine whether each statute "requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932); *see United States v. Dixon*, 509 U.S. 688, 696, 113 S. Ct. 2849, 2856 (1993); *Parrish v. State*, 869 S.W.2d 352, 353–55 (Tex. Crim. App. 1994).

Generally, to preserve a double jeopardy claim, a defendant must object at or before the time the charge is submitted to the jury. *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000). An appellant is excused from the preservation requirement, however, when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and (2) enforcement of usual rules of procedural default serves no legitimate state interests. *Id.* at 643.

In this case, Appellant did not raise his double jeopardy complaint in the trial court. Therefore, we must determine whether the undisputed facts show that the double jeopardy violation is clearly apparent on the face of the record and whether enforcement of usual rules of procedural default serves no legitimate state interests. *See id*.

5

Although this case does not involve multiple punishments, cases analyzing double jeopardy claims in that context are instructive. We will find a multiple-punishment double jeopardy violation "clearly apparent on the face of the record" when the record shows multiple punishments resulting from the commission of a single act that violated two separate penal statutes, one of which is subsumed in the other. *See Blockburger,* 284 U.S. at 304, 52 S. Ct. at 182; *Cervantes v. State,* 815 S.W.2d 569, 572 (Tex. Crim. App. 1991), *cert. denied*, 502 U.S. 1110 (1992).

Indecency with a child is a lesser included offense of aggravated sexual assault when the State uses one act to prove both offenses. *See, e.g.*, *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998); *Cunningham v. State*, 726 S.W.2d 151, 153 (Tex. Crim. App. 1987); *Beltran v. State*, 30 S.W.3d 532, 534 (Tex. App.—San Antonio 2000, no pet.). For example, as we explained in *Elder v. State,* indecency with a child by touching the child's genitals can be a lesser included offense of aggravated sexual assault of a child by penetrating the child's sexual organ if the *same act* is used to prove both the touching and the penetration. 132 S.W.3d 20, 23 (Tex. App.—Fort Worth 2004, pet. ref'd), *cert. denied,* 544 U.S. 925 (2005); *see also Hutchins v. State*, 992 S.W.2d 629, 632 (Tex. App.—Austin 1999, pet. ref'd, untimely filed) (holding that indecency by exposure is a lesser included offense of

6

aggravated sexual assault when the indecency charge is based on the defendant's exposure of his penis in the course of penetrating the victim's sexual organ).  But when evidence supporting an indecency charge is not the same as that supporting the prosecution for aggravated sexual assault, the former will not be deemed to be a lesser included offense of the latter, and both may be prosecuted without violating the double jeopardy clause.  *See, e.g., Bottenfield v. State*, 77 S.W.3d 349, 358 (Tex. App.—Fort Worth 2002, pet. ref'd), *cert. denied*, 539 U.S. 916 (2003) (holding evidence that showed appellant touched victim's sexual organ twice supported convictions for both aggravated sexual assault and indecency); *Patterson v. State,* 96 S.W.3d 427, 432 (Tex. App.—Austin 2002) (holding that two separate acts of penetration supported convictions for aggravated sexual assault by penetration and by contact), *aff'd,* 152 S.W.3d 88, 92 (Tex. Crim. App. 2004); *Murray v. State*, 24 S.W.3d 881, 889 (Tex. App.—Waco 2000, pet. ref'd) (holding that defendant may be convicted of both indecency and aggravated sexual assault when evidence indicates that defendant penetrated victim's female sexual organ with his fingers and touched her genitals with his tongue).

In this case, Appellant cannot show that a double jeopardy violation is clearly apparent from the face of the record.  *See Gonzalez*, 8 S.W.3d at 643. Unlike *Elder*, on which Appellant relies heavily, the State did not depend on a

7

single act to prove the three offenses alleged in the indictment. *See Elder*, 132 S.W.3d at 23. A.N. testified that Appellant penetrated her female sexual organ with his penis on several occasions when she was in the first grade and that he touched her genitals with his hand once when she was in the fifth grade. Thus, the indecency count was not necessarily a lesser included offense of the aggravated sexual assault counts. If the State had not dismissed the aggravated sexual assault counts and the jury had convicted Appellant on all three counts, punishment on all three counts would not violate the prohibition against double jeopardy because the jury could have based its verdict on separate acts. *See, e.g., Patterson,* 96 S.W.3d at 432. The fact that the State dismissed the aggravated sexual assault counts, leaving only the indecency by contact count, does not change the jeopardy analysis.

We hold that Appellant has failed to show that a double jeopardy violation is clearly apparent from the face of the record. *See Gonzalez*, 8 S.W.3d at 643. We overrule his first point.

### Legal Sufficiency

In his second point, Appellant challenges the legal sufficiency of the evidence to support his conviction. When reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The testimony of a child victim alone is sufficient to support a conviction for indecency with a child. *See* Tex. Code Crim. Proc. Ann. art. 38.07(a) (Vernon 2005); *Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet. ref'd).

In this case, A.N.'s testimony that Appellant touched her genitals with his hand is legally sufficient evidence to support the jury's guilty verdict on the indecency by contact count.

Appellant argues that there is "literally no evidence regarding" the indecency by contact count because the prosecutor was unaware of the incident in which Appellant touched A.N.'s genitals when she was in the fifth grade until four or five days before trial; thus, he argues, that incident could not have served as the basis for count three of the indictment.

When an indictment alleges a crime occurred "on or about" a certain date, the State may prove an offense with a date other than the one specifically alleged so long as the date is anterior to the presentment of the indictment and within the statutory limitation period and the offense relied upon otherwise meets the description of the offense contained in the indictment. *Yzaguirre v.*

*State*, 957 S.W.2d 38, 39 (Tex. Crim. App. 1997). The grand jury returned the indictment in this case on January 31, 2007. The offense of indecency with a child has no limitation period. Tex. Code Crim. Proc. Ann. art. 12.01(1)(E) (Vernon Supp. 2008). Thus, the State could prove the offense of indecency with a child with any date before January 31, 2007, including the fifth-grade incident about which A.N. testified.

We overrule Appellant's second point.

## Conclusion

Having overruled both of Appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL: GARDNER, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 13, 2008