COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-031-CR

 

 

KENNETH KIRSCH                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Kenneth Kirsch appeals his convictions
for aggravated sexual assault of a child, indecency with a child by contact,
and indecency with a child by exposure. 
The trial court sentenced Kirsch on each of the three offenses to
confinement for forty-five years, thirty years, and thirty years,
respectively.  In three points, Kirsch
argues that the evidence is legally and factually insufficient to support the
verdict, that the trial court erred by allowing the State to convict him twice
for the same offense, and that the trial court erred by not granting a mistrial
when extraneous offense evidence came before the jury.  We will affirm.

II.  Factual and Procedural Background








Michael and Christy, who were never married, are
the parents of A.L.  A.L. was born on
July 5, 1997.  In 2000, Christy married
Kirsch.  In January 2003, MichaelCA.L.=s fatherCdrove
from Nebraska to pick up A.L. because Christy was in the hospital.  During the drive back to Nebraska, A.L.
talked about Kirsch and referred to him as ABubba.@  Michael referred to the fact that Bubba was
gone, and A.L. said, AI hope he stays there until his
skins fall off his bones.@ 
After some encouragement, A.L. told her dad that she had walked by a
room and had seen Kirsch masturbating.[2]  A.L. described other incidents, including
that Kirsch forced her to watch porn movies; that he put Jello on her crotch
area; that he got on top of her and made Amotions
on her body@; that he put tape on her hands
and feet, put two ice cubes in her mouth, put duct tape on her mouth, put her
in the bathtub after her clothes were off, and urinated on her; that he put his
penis in her mouth and went to the bathroom in her mouth; and that he would
make her do some of the activities depicted in the porn videos.  Michael pulled over and called the police and
his wife.  The next day, he gave a
written statement at the Omaha Child=s
Protection Unit.

Ultimately, a grand jury indicted Kirsch in an
eight-count indictment.  After a trial,
the jury found Kirsch guilty of three offensesCaggravated
sexual assault of a child, indecency with a child by contact, and indecency
with a child by exposureCand the trial court sentenced
Kirsch to confinement for forty-five years, thirty years, and thirty years,
respectively.  This appeal followed.

III.  Legally and Factually Sufficient Evidence

In his first point, Kirsch argues that the
evidence is legally and factually insufficient to support the verdict.  Specifically, Kirsch contends that the State
failed to prove that any of the sexual acts were performed with the intent to
arouse him or that A.L. had been sexually assaulted.

A.     Legal Sufficiency Standard of Review








In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d
691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789.  The trier of
fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact-finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).








The sufficiency of the evidence should be
measured by the elements of the offense as defined by the hypothetically
correct jury charge for the case.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Bowden v. State,
166 S.W.3d 466, 470 (Tex. App.CFort
Worth 2005, pet. ref=d).  Such a charge would be one that accurately
sets out the law, is authorized by the indictment, does not unnecessarily
restrict the State=s theories of liability, and
adequately describes the particular offense for which the defendant was
tried.  Gollihar v. State, 46
S.W.3d 243, 253 (Tex. Crim. App. 2001); Malik, 953 S.W.2d at 240.  The law as authorized by the indictment means
the statutory elements of the charged offense as modified by the charging
instrument.  See Curry, 30 S.W.3d
at 404.

B.     Factual Sufficiency Standard of Review

When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005). 
We then ask whether the evidence supporting the conviction, although
legally sufficient, is nevertheless so weak that the fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s determination is manifestly
unjust.  Watson, 204 S.W.3d at
414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradict the verdict.  Watson,
204 S.W.3d 417.








In determining whether the evidence is factually
insufficient to support a conviction that is nevertheless supported by legally
sufficient evidence, it is not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s
resolution of a conflict in the evidence. 
Id.  We may not simply
substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at 12; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@ Johnson,
23 S.W.3d at 8.  Thus, we must give due
deference to the fact-finder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Id. at 9.








An opinion addressing factual sufficiency must
include a discussion of the most important and relevant evidence that supports
the appellant=s complaint on appeal.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).  Moreover, an
opinion reversing and remanding on factual insufficiency grounds must detail
all the evidence and clearly state why the finding in question is factually
insufficient and under which ground.  Goodman
v. State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); Johnson, 23
S.W.3d at 7.

C.     Analysis of Evidence to Support Convictions

1.     Identity

Kirsch claims that the evidence failed to show
that he was the person who committed the offenses.  He contends that Christy had other boyfriends
who lived with her and A.L. and that the perpetrator could have been one of
these individuals.[3]








It is true that when A.L. testified at the trial
in 2006, she stated that the man in the courtroom who had been identified as
Kirsch did not Alook very familiar at all@ and
explained that his face and his hair were different.  However, when Christy=s father
testified, he explained that Kirsch looked different than he had looked in 1999
and 2000 because he had gained fifty or sixty pounds, his hair was darker, and
he was older.  Although one of the
witnesses testified that Christy had been fondled by someone named Dayson, at
no time during A.L.=s testimony did she waver from
her allegations that Kirsch, also known to her as ABubba,@ was the
person who had committed the acts against her.

Giving due deference to the fact-finder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence,@ we hold
that the jury did not err by finding that Kirsch was the person who perpetrated
the alleged acts upon A.L.  Johnson,
23 S.W.3d at 9; see also Wheeler v. State, Nos. 05-96-00407-CR,
05-96-00408-CR, 1998 WL 224858, at *2 (Tex. App.CDallas
May 7, 1998, no pet.) (not designated for publication) (stating that appellate
court must defer to jury=s finding on credibility and
holding that evidence was factually sufficient to establish appellant=s
identity as the perpetrator of aggravated assault and aggravated sexual
assault).

2.     Aggravated Sexual Assault

To convict Kirsch of aggravated sexual assault as
alleged in the indictment, the State was required to prove that Kirsch
intentionally or knowingly caused A.L.=s mouth
to contact his sexual organ.  See Tex. Penal Code Ann. '
22.021(a)(1)(B)(ii) (Vernon 2006). 
Kirsch argues that the evidence is insufficient to show that he did
anything sexual to A.L.








The testimony of a child sexual abuse victim
alone is sufficient to support a conviction for aggravated sexual assault.  Tex.
Code Crim. Proc. Ann. art. 38.07 (Vernon 2005); see Garcia v. State,
563 S.W.2d 925, 928 (Tex. Crim. App. 1978). 
Courts give wide latitude to testimony given by a child victim of sexual
abuse.  See Villalon v. State, 791
S.W.2d 130, 134 (Tex. Crim. App. 1990). 
The victim=s description of what happened
to her need not be precise, and she is not expected to express herself at that
same level of sophistication as an adult. 
See id.  There is no
requirement that the victim=s
testimony be corroborated by medical or physical evidence.  Garcia, 563 S.W.2d at 928; Kemple
v. State, 725 S.W.2d 483, 485 (Tex. App.CCorpus
Christi 1987, no pet.).

During the trial, A.L. testified that when she,
her mom, and Kirsch were living at a hotel, Kirsch put his Apee pee@ in her
mouth; that Awhite stuff@ came
out of his Apee pee@ into
her mouth; and that she spit it onto the floor. Although Dr. Helen Sinh-Dang,
who performed the sexual assault exam on A.L. approximately three years after
the acts in question, testified that she did not find anything unusual, she
also testified that it is common not to have any medical finding following this
type of act.








Viewing all the evidence in the light most
favorable to the verdict, we hold that a rational trier of fact could have
found beyond a reasonable doubt that Kirsch intentionally or knowingly caused
A.L.=s mouth
to contact his sexual organ.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Hampton, 165 S.W.3d at
693; Meza v. State, No. 02-04-00364-CR, 2005 WL 2472174, at *3 (Tex.
App.CFort
Worth Oct. 6, 2005, no pet.) (mem. op.) (not designated for publication)
(holding child=s testimony constituted legally
sufficient evidence to support aggravated sexual assault of a child
conviction).  Moreover, viewing all the
evidence in a neutral light, favoring neither party, we hold that the evidence
supporting the conviction is not so weak that the fact-finder=s
determination is clearly wrong and manifestly unjust and that the conflicting
evidence does not so greatly outweigh the evidence supporting the conviction
that the fact-finder=s determination is manifestly
unjust.  See Watson, 204
S.W.3d at 414-15, 417; Drichas,175 S.W.3d at 799; Johnson, 23
S.W.3d at 11; Meza, 2005 WL 2472174, at *3 (holding evidence factually
sufficient to support aggravated sexual assault of a child conviction). 

3.     Indecency
With A Child By Contact and Indecency With A Child By Exposure

 








To convict Kirsch of indecency with a child by
contact as alleged in the indictment, the State was required to prove that
Kirsch engaged in sexual contact with A.L. 
See Tex. Penal Code Ann.
'
21.11(a)(1) (Vernon 2003).  ASexual
contact@ means
any touching of any part of the body of a child, including touching through
clothing, if committed with the intent to arouse or gratify the sexual desire
of any person.  Id. '
21.11(c)(2).  To convict Kirsch of
indecency with a child by exposure as alleged in the indictment, the State was
required to prove that Kirsch, with the intent to arouse or gratify the sexual
desire of any person, exposed any part of his genitals knowing that A.L. was
present.  See id. '
21.11(a)(2)(A).  Kirsch argues that the
evidence is insufficient to show that he did any act to Aarouse
or gratify@ himself.

The specific intent to arouse or gratify the
sexual desire of a person can be inferred from conduct, remarks, or all the surrounding
circumstances.  McKenzie v. State,
617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981).  Additionally, an oral expression of intent is
not required, and a defendant=s
conduct alone is sufficient to infer intent. 
Tyler v. State, 950 S.W.2d 787, 789 (Tex. App.CFort
Worth 1997, no pet.).

During the trial, A.L. testified that while she,
her mom, and Kirsch were living at a hotel, Kirsch came into the room where she
was sleeping.  Although it was dark,
there was a night light in the room that allowed A.L. to discern that Kirsch
was only wearing a shirt; thus, she could see his Apee pee.@  She said that he touched her crotch with his
hand and that he moved his hand around. She stated that Kirsch touched her
under her pants on the Aoutside lips.@  She also testified that one time Kirsch put
green Jello on her crotch.








Viewing all the evidence in the light most
favorable to the verdict, we hold that a rational trier of fact could have
found beyond a reasonable doubt that Kirsch engaged in sexual contact with A.L.
and that Kirsch, with the intent to arouse or gratify his sexual desire,
exposed his genitals knowing that A.L. was present.  See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Hampton, 165 S.W.3d at 693; Franklin v. State, 193
S.W.3d 616, 619 (Tex. App.CFort
Worth 2006, no pet.) (holding evidence legally sufficient to support conviction
for indecency with a child by contact); Vivanco v. State, No.
02-03-00278-CR, 2004 WL 1746706, at *2 (Tex. App.CFort
Worth Aug. 5, 2004, no pet.) (mem. op.) (not designated for publication)
(holding evidence legally sufficient to support conviction for indecency with a
child by exposure).  Moreover, viewing
all the evidence in a neutral light, favoring neither party, we hold that the
evidence supporting the conviction is not so weak that the fact-finder=s
determination is clearly wrong and manifestly unjust and that the conflicting
evidence does not so greatly outweigh the evidence supporting the conviction
that the fact-finder=s determination is manifestly
unjust.  See Watson, 204
S.W.3d at 414-15, 417; Drichas,175 S.W.3d at 799; Johnson, 23
S.W.3d at 11; Stafford v. State, No. 02-02-00477-CR, 2003 WL 22923034,
at *2 (Tex. App.CFort Worth Dec. 11, 2003, pet.
ref=d) (mem.
op.) (not designated for publication) (holding evidence factually sufficient to
support conviction for indecency with a child by contact); Vivanco, 2004
WL 1746706, at *2 (holding evidence factually sufficient to support conviction
for indecency with a child by exposure).








Having held that the evidence is legally and
factually sufficient to support Kirsch=s
convictions for aggravated sexual assault of a child, indecency with a child by
contact, and indecency with a child by exposure, we overrule Kirsch=s first
point.

IV.  No Double Jeopardy Violation

In his second point, Kirsch contends that the
trial court erred by allowing the State to convict him twice for the same
offense.  Specifically, Kirsch argues
that the trial court erred by submitting one count of aggravated sexual assault
and two counts of indecency with a child to the jury without instructing the
jury that indecency with a child is a lesser included offense of aggravated
sexual assault.  Moreover, Kirsch argues
that the assaults, if they happened, occurred on the same date.  In essence, Kirsch contends that the double
jeopardy prohibition against two convictions was violated here because the
conduct that constituted indecency with a child by sexual contactCthat is,
touching the genitals of the victimCwas
necessarily subsumed by the conduct that constituted aggravated sexual assault
of a child.








The Double Jeopardy Clause of the United States
Constitution provides that no person shall be subjected to twice having life or
limb in jeopardy for the same offense. 
U.S. CONST. amend. V.  Generally, this
clause protects against (1) a second prosecution for the same offense after
acquittal, (2) a second prosecution for the same offense after conviction, and
(3) multiple punishments for the same offense. 
Brown v. Ohio, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); Ex
parte Herron, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh=g).

To determine whether both offenses are the same,
we must examine the elements of the applicable statutes to determine whether
each statute Arequires proof of an additional
fact which the other does not.@  Blockburger v. United States, 284 U.S.
299, 304, 52 S. Ct. 180, 182 (1932); see United States v. Dixon, 509
U.S. 688, 696, 113 S. Ct. 2849, 2856 (1993); Parrish v. State, 869
S.W.2d 352, 353-55 (Tex. Crim. App. 1994). 









At the outset, we note that the charge conference
is not included in the record.  However,
the State notes in its brief that Kirsch did not object at trial to the
submission of both aggravated sexual assault and indecency with a child  and that no motion for election was
made.  Normally, a failure to
specifically raise a double jeopardy complaint at trial fails to preserve error
for our review.  See Beltran v. State,
30 S.W.3d 532, 533 n.1 (Tex. App.CSan
Antonio 2000, no pet.).  However, A[i]n
cases where the trial court either knew or should have known of the jeopardy
problem, no purpose is served in enforcing the state procedural rule[,] and the
defendant may assert this interest after trial.@  Id. 
As in Beltran, here the complained-of jeopardy problem consists
of multiple convictions, before the same judge and jury, some of which may have
arisen out of conduct that occurred during the same criminal episode.  See id.  The trial court here should have known of
this potential complication; consequently, Kirsch may raise this double
jeopardy claim.  See id.

An offense is included within another if Ait is
established by proof of the same or less than all the facts required to
establish the commission of the offense charged.@  Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 2006).  Courts have held that indecency with a child
can be a lesser included offense of aggravated sexual assault in certain
circumstances, namely when only one offense is committed and the State=s case
as presented to prove the charged offense includes proof of the lesser included
offense.  See, e.g., Ochoa v. State,
982 S.W.2d 904, 908 (Tex. Crim. App. 1998); Cunningham v. State, 726
S.W.2d 151, 153 (Tex. Crim. App. 1987); Beltran, 30 S.W.3d at 534.








But here, A.L. testified that Kirsch put his Apee pee@ in her
mouth; that he came into the room where she was sleeping, wearing only a shirt
such that she could see his Apee pee@; that
he touched her crotch with his hand and that he moved his hand around; and that
he put green Jello on her crotch. 
Although A.L. testified that her mom was Aasleep@ or Astill
asleep@ when
these acts occurred, the evidence established that these acts constituted the
commission of more than one sexual offense against A.L.  Although the acts may have been committed in
close temporal proximity, Kirsch=s
insertion of his penis into A.L.=s mouth
was a separate and distinct act from his hand touching her sexual organ.  See Hutchins v. State, 992 S.W.2d 629,
633 (Tex. App.CAustin 1999, pet. ref=d,
untimely filed).  Consequently, the
record supports the submission of jury charges for both aggravated sexual
assault and indecency with a child.  Beltran,
30 S.W.3d at 534; see Hutchins, 992 S.W.2d at 633 (holding that because
appellant had not shown that his conviction for indecency with a child by
contact was based on the same conduct underlying his conviction for aggravated
sexual assault of a child, his contention that these convictions constituted
multiple punishments for the same offense was without merit); see also
Bailey v. State, No. 02-05-00394-CR, 2007 WL 79544, at *9 (Tex. App.CFort
Worth Jan. 11, 2007, no pet.) (mem. op.) (not designated for publication)
(same).  We overrule Kirsch=s second
point.

V.  Trial Court Properly Overruled Motion for
Mistrial

In his third point, Kirsch argues that the trial
court erred by not granting a mistrial when Michael testified before the jury
regarding an extraneous offense. 
Specifically, Kirsch complains of the following exchange that occurred
during the trial:

Q. [DEFENSE COUNSEL]       Well,
at that time [after he caught A.L. with her fingers in his younger daughter=s vagina], did you ask
her if Kenneth Kirsch had done weird things to her then?








A.     No.

Q.     What made you ask it in
2003 and not ask it when she=s sexually acting out?

 

A.     The reason I asked it then
is because I was thinking since -- since the mother said he was somewhat
abusive to her, the mother, I was thinking maybe he was abusive to my
daughter.  And since I was B

 

Q.     When you=re talking about abusive,
are you talking about sexual abuse to the mother?

 

A.     No, not sexual abuse.  I=m sorry. 
Just when Christy [] told me about him pulling out the gun and tearing
her shirt and then and her mother called and call 9-1-1 B

 

[DEFENSE COUNSEL]:  Your Honor B

 

THE COURT:  Just answer the
question.

 

THE WITNESS:  I=m sorry.

 

[DEFENSE COUNSEL]: Your Honor, we need to approach.

 

THE COURT:  Okay.  Why don=t y=all take about a 15-minute break, okay.

 

(Jury out at 3:26 [p].m.)

 

(Open court, defendant present, no jury.)

 

THE COURT:  Yes.  The jury is out, I=m ready to hear from you.

 

[DEFENSE COUNSEL]:  Your Honor,
I move for a mistrial.

 








THE COURT:  You=re overruled. 

 








Generally, a defendant who requests a mistrial
without first requesting a curative instruction forfeits appellate review of
that class of events that could have been cured.  Young v. State, 137 S.W.3d 65, 69
(Tex. Crim. App. 2004). An exception to this general rule may occur when any
instruction to disregard could not have cured the harm caused.  Id.; see also Barnett v. State,
189 S.W.3d 272, 278 (Tex. Crim. App. 2006). 
Recently, we have held that isolated, unmuted videotape comments
concerning a defendant=s criminal history constitute
the type of error that may be cured by an instruction to disregard.  See Russell v. State, No.
02-05-00346-CR, 2006 WL 2925126, at *7 (Tex. App.CFort
Worth Oct. 12, 2006, no pet.) (mem. op.) (not designated for publication); Hayes
v. State, No. 02-03-00515-CR, 2005 WL 1994178, at *1-2 (Tex. App.CFort
Worth Aug. 18, 2005, pet. ref=d) (mem.
op.) (not designated for publication). 
In both cases, we held that the trial court did not abuse its
discretion by denying appellant=s motion
for mistrial when the State failed to depress the mute button during
inadmissible portions of a videotape referencing appellant=s prior
arrest because the fact of appellant=s prior
arrest Awas not
embellished, relied on, argued, or treated in any manner so inflammatorily as
to undermine the efficacy of the trial court=s
instruction to disregard.@ 
Russell, 2006 WL 2925126, at *7; Hayes, 2005 WL 1994178,
at *1-2.

In the case at hand, Kirsch did not request an
instruction to disregard.  While such a
decision may certainly be sound trial strategy, the lack of a request for an
instruction to disregard forfeits appellate review of any alleged error
resulting from isolated comments concerning a defendant=s
criminal history.  See Young, 137
S.W.3d at 70; Russell, 2006 WL 2925126, at *7; Hayes, 2005 WL
1994178, at *1-2; see also Ovalle v. State, 13 S.W.3d 774, 783 (Tex.
Crim. App. 2000) (stating that A[o]rdinarily,
a prompt instruction to disregard will cure error associated with an improper
question and answer, even one regarding extraneous offenses@).  As we held in Russell and Hayes,
this type of error falls into the class of events that could have been cured by
an instruction to disregard.  Russell,
2006 WL 2925126, at *7; Hayes, 2005 WL 1994178, at *1-2.  Consequently, Kirsch has forfeited appellate
review of any error that occurred when the witness mentioned an extraneous
offense before the jury.  We overrule
Kirsch=s third
point.

 

 

 

 








VI.  Conclusion

Having overruled all three of Kirsch=s
points, we affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL A:   CAYCE,
C.J.; WALKER and MCCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  March 8, 2007











[1]See Tex. R. App. P. 47.4.





[2]A.L. did not use the term
Amasturbating@ when she was telling her
dad about the event that she had witnessed. 
However, this is the term that 
Michael used when he testified.





[3]State=s exhibit 11 is a
judgment showing Kirsch=s conviction for
possession of a firearm by a felon. 
Although Kirsch relies upon it as establishing a time lapse between when
he lived with Christy and when A.L. made her outcry, it was not admitted during
the guilt-innocence phase, so it was not before the jury when they decided to
convict Kirsch.  Therefore, we do not
address it in this analysis section.  See
Tex. R. App. P. 33.1.