COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-031-CR

KENNETH KIRSCH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Kenneth Kirsch appeals his convictions for aggravated sexual assault of a child, indecency with a child by contact, and indecency with a child by exposure.  The trial court sentenced Kirsch on each of the three offenses to confinement for forty-five years, thirty years, and thirty years, respectively.  In three points, Kirsch argues that the evidence is legally and factually insufficient to support the verdict, that the trial court erred by allowing the State to convict him twice for the same offense, and that the trial court erred by not granting a mistrial when extraneous offense evidence came before the jury.  We will affirm.

II.  Factual and Procedural Background

Michael and Christy, who were never married, are the parents of A.L.  A.L. was born on July 5, 1997.  In 2000, Christy married Kirsch.  In January 2003, Michael—A.L.’s father—drove from Nebraska to pick up A.L. because Christy was in the hospital.  During the drive back to Nebraska, A.L. talked about Kirsch and referred to him as “Bubba.”  Michael referred to the fact that Bubba was gone, and A.L. said, “I hope he stays there until his skins fall off his bones.”  After some encouragement, A.L. told her dad that she had walked by a room and had seen Kirsch masturbating.
(footnote: 2)  A.L. described other incidents, including that Kirsch forced her to watch porn movies; that he put Jello on her crotch area; that he got on top of her and made “motions on her body”; that he put tape on her hands and feet, put two ice cubes in her mouth, put duct tape on her mouth, put her in the bathtub after her clothes were off, and urinated on her; that he put his penis in her mouth and went to the bathroom in her mouth; and that he would make her do some of the activities depicted in the porn videos.  Michael pulled over and called the police and his wife.  The next day, he gave a written statement at the Omaha Child’s Protection Unit.

Ultimately, a grand jury indicted Kirsch in an eight-count indictment.  After a trial, the jury found Kirsch guilty of three offenses—aggravated sexual assault of a child, indecency with a child by contact, and indecency with a child by exposure—and the trial court sentenced Kirsch to confinement for forty-five years, thirty years, and thirty years, respectively.  This appeal followed.

III.  Legally and Factually Sufficient Evidence

In his first point, Kirsch argues that the evidence is legally and factually insufficient to support the verdict.  Specifically, Kirsch contends that the State failed to prove that any of the sexual acts were performed with the intent to arouse him or that A.L. had been sexually assaulted.

A. Legal Sufficiency Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.  
Malik v. State
, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); 
Bowden v. State
, 166 S.W.3d 466, 470 (Tex. App.—Fort Worth 2005, pet. ref’d).  Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State’s theories of liability, and adequately describes the particular offense for which the defendant was tried.  
Gollihar v. State
, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); 
Malik, 
953 S.W.2d at 240.  The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument.  
See Curry
, 30 S.W.3d at 404.

B. Factual 
Sufficiency Standard of Review

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradict 
the verdict.  
Watson
, 204 S.W.3d 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding on factual insufficiency grounds must detail all the evidence and clearly state why the finding in question is factually insufficient and under which ground.  
Goodman v. State
, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); 
Johnson
, 23 S.W.3d at 7.

C. Analysis of Evidence to Support Convictions

1. Identity

Kirsch claims that the evidence failed to show that he was the person who committed the offenses.  He contends that Christy had other boyfriends who lived with her and A.L. and that the perpetrator could have been one of these individuals.
(footnote: 3)
 It is true that when A.L. testified at the trial in 2006, she stated that the man in the courtroom who had been identified as Kirsch did not “look very familiar at all” and explained that his face and his hair were different.  However, when Christy’s father testified, he explained that Kirsch looked different than he had looked in 1999 and 2000 because he had gained fifty or sixty pounds, his hair was darker, and he was older.  Although one of the witnesses testified that Christy had been fondled by someone named Dayson, at no time during A.L.’s testimony did she waver from her allegations that Kirsch, also known to her as “Bubba,” was the person who had committed the acts against her.

Giving 
due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence,” we hold that the jury did not err by finding that Kirsch was the person who perpetrated the alleged acts upon A.L.  
Johnson
, 23 S.W.3d at 
9; 
see also Wheeler v. State
, Nos. 05-96-00407-CR, 05-96-00408-CR, 1998 WL 224858, at *2 (Tex. App.—Dallas May 7, 1998, no pet.) (not designated for publication) (stating that appellate court must defer to jury’s finding on credibility and holding that evidence was factually sufficient to establish appellant’s identity as the perpetrator of aggravated assault and aggravated sexual assault).

2. Aggravated Sexual Assault

To convict Kirsch of aggravated sexual assault as alleged in the indictment, the State was required to prove that Kirsch intentionally or knowingly caused A.L.’s mouth to contact his sexual organ.  
See
 
Tex. Penal Code Ann.
 § 22.021(a)(1)(B)(ii) (Vernon 2006).  Kirsch argues that the evidence is insufficient to show that he did anything sexual to A.L.

The testimony of a child sexual abuse victim alone is sufficient to support a conviction for aggravated sexual assault.  
Tex. Code Crim. Proc. Ann.
 art. 38.07 (Vernon 2005); 
see Garcia v. State
, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978).  Courts give wide latitude to testimony given by a child victim of sexual abuse.  
See Villalon v. State
, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).  The victim’s description of what happened to her need not be precise, and she is not expected to express herself at that same level of sophistication as an adult.  
See id.
  There is no requirement that the victim’s testimony be corroborated by medical or physical evidence.  
Garcia
, 563 S.W.2d at 928; 
Kemple v. State
, 725 S.W.2d 483, 485 (Tex. App.—Corpus Christi 1987, no pet.).

During the trial, A.L. testified that when she, her mom, and Kirsch were living at a hotel, Kirsch put his “pee pee” in her mouth; that “white stuff” came out of his “pee pee” into her mouth; and that she spit it onto the floor. Although Dr. Helen Sinh-Dang, who performed the sexual assault exam on A.L. approximately three years after the acts in question, testified that she did not find anything unusual, she also testified that it is common not to have any medical finding following this type of act.

Viewing all the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that Kirsch intentionally or knowingly caused A.L.’s mouth to contact his sexual organ.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693; 
Meza v. State
, No. 02-04-00364-CR, 2005 WL 2472174, at *3 (Tex. App.—Fort Worth Oct. 6, 2005, no pet.) (mem. op.) (not designated for publication) (holding child’s testimony constituted legally sufficient evidence to support aggravated sexual assault of a child conviction).  Moreover, viewing all the evidence in a neutral light, favoring neither party, we hold that 
the evidence supporting the conviction is not so weak that the fact-finder’s determination is clearly wrong and manifestly unjust and that the conflicting evidence does not so greatly outweigh the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust
.  
See
 
Watson
, 204 S.W.3d at 414-15, 417; 
Drichas,
175 S.W.3d at 799
; 
Johnson
, 23 S.W.3d at 11; 
Meza
, 2005 WL 2472174, at *3 (holding evidence factually sufficient to support aggravated sexual assault of a child conviction). 

3. Indecency With A Child By Contact and Indecency With A Child By Exposure

To convict Kirsch of indecency with a child by contact as alleged in the indictment, the State was required to prove that Kirsch engaged in sexual contact with A.L.  
See
 
Tex. Penal Code Ann.
 § 21.11(a)(1) (Vernon 2003).  “Sexual contact” means any touching of any part of the body of a child, including touching through clothing, if committed with the intent to arouse or gratify the sexual desire of any person.  
Id.
 § 21.11(c)(2).  To convict Kirsch of indecency with a child by exposure as alleged in the indictment, the State was required to prove that Kirsch, with the intent to arouse or gratify the sexual desire of any person, exposed any part of his genitals knowing that A.L. was present.  
See id.
 § 21.11(a)(2)(A).  Kirsch argues that the evidence is insufficient to show that he did any act to “arouse or gratify” himself.

The specific intent to arouse or gratify the sexual desire of a person can be inferred from conduct, remarks, or all the surrounding circumstances.  
McKenzie v. State
, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981).  Additionally, an oral expression of intent is not required, and a defendant’s conduct alone is sufficient to infer intent.  
Tyler v. State
, 950 S.W.2d 787, 789 (Tex. App.—Fort Worth 1997, no pet.).

During the trial, A.L. testified that while she, her mom, and Kirsch were living at a hotel, Kirsch came into the room where she was sleeping.  Although it was dark, there was a night light in the room that allowed A.L. to discern that Kirsch was only wearing a shirt; thus, she could see his “pee pee.”  She said that he touched her crotch with his hand and that he moved his hand around. She stated that Kirsch touched her under her pants on the “outside lips.”  She also testified that one time Kirsch put green Jello on her crotch.

Viewing all the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that Kirsch engaged in sexual contact with A.L. and that Kirsch, with the intent to arouse or gratify his sexual desire, exposed his genitals knowing that A.L. was present.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693; 
Franklin v. State
, 193 S.W.3d 616, 619 (Tex. App.—Fort Worth 2006, no pet.) (holding evidence legally sufficient to support conviction for indecency with a child by contact); 
Vivanco v. State
, No. 02-03-00278-CR, 2004 WL 1746706, at *2 (Tex. App.—Fort Worth Aug. 5, 2004, no pet.) (mem. op.) (not designated for publication) (holding evidence legally sufficient to support conviction for indecency with a child by exposure).  Moreover, viewing all the evidence in a neutral light, favoring neither party, we hold that 
the evidence supporting the conviction is not so weak that the fact-finder’s determination is clearly wrong and manifestly unjust and that the conflicting evidence does not so greatly outweigh the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust
.  
See
 
Watson
, 204 S.W.3d at 414-15, 417; 
Drichas,
175 S.W.3d at 799
; 
Johnson
, 23 S.W.3d at 11; 
Stafford v. State
, No. 02-02-00477-CR, 2003 WL 22923034, at *2 (Tex. App.—Fort Worth Dec. 11, 2003, pet. ref’d) (mem. op.) (not designated for publication) (holding evidence factually sufficient to support conviction for indecency with a child by contact); 
Vivanco
, 2004 WL 1746706, at *2 (holding evidence factually sufficient to support conviction for indecency with a child by exposure).

Having held that the evidence is legally and factually sufficient to support Kirsch’s convictions for aggravated sexual assault of a child, indecency with a child by contact, and indecency with a child by exposure, we overrule Kirsch’s first point.

IV.  No Double Jeopardy Violation

In his second point, Kirsch contends that the trial court erred by allowing the State to convict him twice for the same offense.  Specifically, Kirsch argues that the trial court erred by submitting one count of aggravated sexual assault and two counts of indecency with a child to the jury without instructing the jury that indecency with a child is a lesser included offense of aggravated sexual assault.  Moreover, Kirsch argues that the assaults, if they happened, occurred on the same date.  In essence, Kirsch contends that the double jeopardy prohibition against two convictions was violated here because the conduct that constituted indecency with a child by sexual contact—that is, touching the genitals of the victim—was necessarily subsumed by the conduct that constituted aggravated sexual assault of a child.

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense.  U.S. C
ONST
. amend. V.  Generally, this clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.  
Brown v. Ohio
, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); 
Ex parte Herron
, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh’g).

To determine whether both offenses are the same, we must examine the elements of the applicable statutes to determine whether each statute “requires proof of an additional fact which the other does not.”  
Blockburger v. United States
, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932); 
see United States v. Dixon
, 509 U.S. 688, 696, 113 S. Ct. 2849, 2856 (1993); 
Parrish v. State
, 869 S.W.2d 352, 353-55 (Tex. Crim. App. 1994).  

At the outset, we note that the charge conference is not included in the record.  However, the State notes in its brief that Kirsch did not object at trial to the submission of both aggravated sexual assault and indecency with a child  and that no motion for election was made.  Normally, a failure to specifically raise a double jeopardy complaint at trial fails to preserve error for our review.  
See Beltran v. State
, 30 S.W.3d 532, 533 n.1 (Tex. App.—San Antonio 2000, no pet.).  However, “[i]n cases where the trial court either knew or should have known of the jeopardy problem, no purpose is served in enforcing the state procedural rule[,] and the defendant may assert this interest after trial.”  
Id.
  As in 
Beltran
, here the complained-of jeopardy problem consists of multiple convictions, before the same judge and jury, some of which may have arisen out of conduct that occurred during the same criminal episode.  
See
 
id.
  The trial court here should have known of this potential complication; consequently, Kirsch may raise this double jeopardy claim.  
See id.

An offense is included within another if “it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 2006).  Courts have held that indecency with a child can be a lesser included offense of aggravated sexual assault in certain circumstances, namely when only one offense is committed and the State’s case as presented to prove the charged offense includes proof of the lesser included offense.  
See, e.g., Ochoa v. State
, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998); 
Cunningham v. State
, 726 S.W.2d 151, 153 (Tex. Crim. App. 1987); 
Beltran
, 30 S.W.3d at 534.

But here, A.L. testified that Kirsch put his “pee pee” in her mouth; that he came into the room where she was sleeping, wearing only a shirt such that she could see his “pee pee”; that he touched her crotch with his hand and that he moved his hand around; and that he put green Jello on her crotch.  Although A.L. testified that her mom was “asleep” or “still asleep” when these acts occurred, the evidence established that these acts constituted the commission of more than one sexual offense against A.L.  Although the acts may have been committed in close temporal proximity, Kirsch’s insertion of his penis into A.L.’s mouth was a separate and distinct act from his hand touching her sexual organ.  
See Hutchins v. State
, 992 S.W.2d 629, 633 (Tex. App.—Austin 1999, pet. ref’d, untimely filed).  Consequently, the record supports the submission of jury charges for both aggravated sexual assault and indecency with a child.  
Beltran
, 30 S.W.3d at 534; 
see Hutchins
, 992 S.W.2d at 633 (holding that because
 appellant had not shown that his conviction for indecency with a child by contact was based on the same conduct underlying his conviction for aggravated sexual assault of a child, his contention that these convictions constituted multiple punishments for the same offense was without merit); 
see also Bailey v. State
, No. 02-05-00394-CR, 2007 WL 79544, at *9 (Tex. App.—Fort Worth Jan. 11, 2007, no pet.) (mem. op.) (not designated for publication) (same).  
We overrule Kirsch’s second point.

V.  Trial Court Properly Overruled Motion for Mistrial

In his third point, Kirsch argues that the trial court erred by not granting a mistrial when Michael testified before the jury regarding an extraneous offense.  Specifically, Kirsch complains of the following exchange that occurred during the trial:

Q. [DEFENSE COUNSEL] Well, at that time [after he caught A.L. with her fingers in his younger daughter’s vagina], did you ask her if Kenneth Kirsch had done weird things to her then?

A. No.

Q. What made you ask it in 2003 and not ask it when she’s sexually acting out?

A. The reason I asked it then is because I was thinking since -- since the mother said he was somewhat abusive to her, the mother, I was thinking maybe he was abusive to my daughter.  And since I was –

Q. When you’re talking about abusive, are you talking about sexual abuse to the mother?

A. No, not sexual abuse.  I’m sorry.  Just when Christy [] told me about him pulling out the gun and tearing her shirt and then and her mother called and call 9-1-1 –

[DEFENSE COUNSEL]:  Your Honor –

THE COURT:  Just answer the question.

THE WITNESS:  I’m sorry.

[DEFENSE COUNSEL]: Your Honor, we need to approach.

THE COURT:  Okay.  Why don’t y’all take about a 15-minute break, okay.

(Jury out at 3:26 [p].m.)

(Open court, defendant present, no jury.)

THE COURT:  Yes.  The jury is out, I’m ready to hear from you.

[DEFENSE COUNSEL]:  Your Honor, I move for a mistrial.

THE COURT:  You’re overruled. 

Generally, a defendant who requests a mistrial without first requesting a curative instruction forfeits appellate review of that class of events that could have been cured.  
Young v. State
, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). An exception to this general rule may occur when any instruction to disregard could not have cured the harm caused.  
Id.
; 
see also Barnett v. State
, 189 S.W.3d 272, 278 (Tex. Crim. App. 2006).  Recently, we have held that isolated, unmuted videotape comments concerning a defendant’s criminal history constitute the type of error that may be cured by an instruction to disregard.  
See Russell v. State
, No. 02-05-00346-CR, 2006 WL 2925126, at *7 (Tex. App.—Fort Worth Oct. 12, 2006, no pet.) (mem. op.) (not designated for publication); 
Hayes
 
v. State
, No. 02-03-00515-CR, 2005 WL 1994178, at *1-2 (Tex. App.—Fort Worth Aug. 18, 2005, pet. ref’d) (mem. op.) (not designated for publication).  In both cases
, 
we held 
that the trial court did not abuse its discretion by denying appellant’s motion for mistrial when the State failed to depress the mute button during inadmissible portions of a videotape referencing appellant’s prior arrest because the fact of appellant’s prior arrest “was not embellished, relied on, argued, or treated in any manner so inflammatorily as to undermine the efficacy of the trial court’s instruction to disregard.”  
Russell
, 2006 WL 2925126, at *7; 
Hayes
, 2005 WL 1994178, at *1-2.

In the case at hand, Kirsch did not request an instruction to disregard.  While such a decision may certainly be sound trial strategy, the lack of a request for an instruction to disregard forfeits appellate review of any alleged error resulting from isolated comments concerning a defendant’s criminal history.  
See Young
,
 
137 S.W.3d at 70; 
Russell
, 2006 WL 2925126, at *7; 
Hayes
, 2005 WL 1994178, at *1-2; 
see also Ovalle v. State
, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (stating that “[o]rdinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses”).  As we held in 
Russell
 and 
Hayes
, this type of error falls into the class of events that could have been cured by an instruction to disregard.  
Russell
, 2006 WL 2925126, at *7; 
Hayes
, 2005 WL 1994178, at *1-2.  Consequently, Kirsch has forfeited appellate review of any error that occurred when the witness mentioned an extraneous offense before the jury.  We overrule Kirsch’s third point.

VI.  Conclusion

Having overruled all three of Kirsch’s points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 8, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
A.L. did not use the term “masturbating” when she was telling her dad about the event that she had witnessed.  However, this is the term that  Michael used when he testified.

3:
State’s exhibit 11 is a judgment showing Kirsch’s conviction for possession of a firearm by a felon.  Although Kirsch relies upon it as establishing a time lapse between when he lived with Christy and when A.L. made her outcry, it was not admitted during the guilt-innocence phase, so it was not before the jury when they decided to convict Kirsch.  Therefore, we do not address it in this analysis section.  
See
 
Tex. R. App. P.
 33.1.