COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-225-CR

JOSE ANGEL PEREZ, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Jose Angel Perez, Jr. appeals from his conviction on one count of aggravated sexual assault of a child and two counts of indecency with a child by contact.  In four points, Appellant complains that the evidence is legally and factually insufficient to support his conviction on each count, that the trial court erred by allowing the State to punish him twice for the same offense, and that he was deprived of his Sixth Amendment right of confrontation.  We affirm.

II.  Legal and Factual Sufficiency

In his first two points, Appellant argues that the evidence adduced at trial was legally and factually insufficient to support the jury’s verdict on each count.
(footnote: 2) 

A. Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
 Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon Supp. 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  
Watson
, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”  
Id.
  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id.
  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id.
 at 9.
  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B. The Counts

In the indictment, the State charged Appellant with one count of aggravated sexual assault and two counts of indecency with a child by contact. 

To convict Appellant of aggravated sexual assault, the State was required to prove that he intentionally or knowingly penetrated the mouth of a child younger than fourteen years of age with his sexual organ.  
Tex. Penal Code Ann.
 § 22.021(a)(1)(B)(ii), (a)(2)(B) (Vernon Supp. 2006).

To convict Appellant of indecency with a child, the State was required to show that he, with a child younger than seventeen years of age and not his spouse, engaged in sexual contact or caused the child to engage in sexual contact.  
Id.
 
§ 21.11(a)(1).  “Sexual contact” means (1) any touching by a person of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child with the anus, breast, or any part of the genitals of a person, with the intent to arouse or gratify the sexual desire in any person.  
Id. 
§ 21.11(c); 
see Santos v. State
, 961 S.W.2d 304, 308 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).  Here, the two indecency charges stemmed from allegations that Appellant engaged in sexual contact by (1) touching the breast of the victim, and (2) causing the victim to touch any part of Appellant’s genitals. 

C. The Evidence

The complainant in this case is T.T., a twelve year old girl who, at the time of the incidents in question, was a friend and classmate of Appellant’s daughter Alyssa.  At trial, T.T. testified about three separate incidents of sexual abuse she claimed to suffer at the hands of Appellant.
(footnote: 3)   

T.T. explained that the first incident occurred when Alyssa invited her over one evening to spend the night.  T.T. testified that after Alyssa fell asleep, Appellant entered the girls’ room and invited her into his bedroom to play on the computer, to which she agreed.  T.T. then said that while she was on the computer Appellant went into his closet and returned wearing only a robe. According to T.T., Appellant then grabbed her by the hand, pulled her over to the bed, and began telling her how pretty she looked.  T.T. stated that Appellant “smelled like beer” and that he proceeded to force her onto the bed by pushing her down by the shoulders.  He then unbuttoned her pajama top and began kissing her neck.  T.T. stated that Appellant then opened his robe and put his “thing” in her mouth.  She also described feeling something “gooey” inside of her mouth and stated that she had to go to the bathroom and wash it off. According to her testimony, at the conclusion of this episode, Appellant told T.T. to go back in Alyssa’s room and watch television and to not tell anyone about what had happened. 

T.T. also testified about a second assault which, according to her, occurred on another day while she was playing with Alyssa at Appellant’s apartment.
(footnote: 4)  T.T. said that shortly after her arrival, Appellant appeared and told Alyssa to go take a shower.  According to T.T., while Alyssa was in the shower, Appellant took her into his bedroom and showed her a new video camera that he had purchased.  T.T. stated that Appellant then set the camera up on top of a drawer and began recording.  T.T. testified that Appellant then again forced her on the bed, unzipped his pants, pulled down his boxers, and put his “thing” in her mouth.  She also stated that Appellant put his hand under her shirt and began fondling her breasts.  According to T.T., the assault ended when Appellant heard Alyssa exiting the shower. 

The final incident described by T.T. occurred one day when she met Alyssa at the pool of Appellant’s apartment complex.  On that occasion, T.T. stated that she asked Appellant, who had accompanied Alyssa to the pool, if she could use the bathroom in his nearby apartment.  Appellant agreed and followed her to the apartment.  Once inside, T.T. testified that Appellant followed her into the bathroom and “put his thing in my mouth again.”  She also said that, during this encounter, Appellant took her hands and placed them on his penis. 

In February 2004, Appellant was evicted from his apartment.  Mandy Ryan, the complex’s property manager, testified that shortly after Appellant left the property, she and other apartment personnel began cleaning out the unit and preparing it for another tenant.  According to Ryan, this prompted T.T. to approach her and ask if Appellant still lived on the property.  After telling her that he did not, Ryan said that T.T. let out a sigh of relief and said “good.”  T.T. then told Ryan that Appellant had previously fondled her breast.  Ryan responded by informing T.T.’s mother, who, in turn, contacted police.   

D.  Analysis

Appellant now argues that inconsistencies in T.T.’s recount of the facts surrounding the alleged sexual misconduct at trial render the evidence legally and factually insufficient.  Appellant also argues that T.T. made several inconsistent “outcries” regarding the abuse prior to trial.  Appellant claims that these inconsistencies served to impeach her testimony and call into question her credibility.  In support of his contentions, Appellant points out that at trial T.T. initially stated that she could not remember what had happened during the first incident of abuse.  However, after a short recess, she was able to provide the jury with all of the details surrounding the offense.  Appellant also points out that T.T.’s mother testified that during her discussions with her daughter, T.T. never informed her of all of the details surrounding the various incidents of abuse.  Additionally, Virginia Caldwell, the sexual assault nurse who examined T.T. testified that, in describing the abuse, T.T. told her that Appellant had also fondled her genitals on top of her clothing.  Yet, at trial, T.T. stated that Appellant never touched her anywhere on her genitals. 

Nonetheless, the reconciliation of evidentiary conflicts is a function solely within the province of the jury.  
Losada v. State
, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986).  The jurors are the exclusive judges of the credibility of the witnesses and the weight to be given the evidence, and they are free to choose to believe all, some, or none of it.  
Tex. Code Crim. Proc. Ann.
 art. 38.04; 
Margraves
, 34 S.W.3d at 919.  Further, the testimony of a child sexual abuse victim alone is sufficient to support a conviction for aggravated sexual assault and indecency with a child.  
Tex. Code Crim. Proc. Ann.
 art. 38.07; 
Perez v. State
, 113 S.W.3d 819, 838 (Tex. App.—Austin  2003, pet. ref’d); 
Tear v. State, 
74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref’d), 
cert. denied, 
538 U.S. 963 (2003)
.  Courts give wide latitude to testimony given by a child victim of sexual abuse.  
See Villalon v. State
, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).  The victim’s description of what happened to her need not be precise, and she is not expected to express herself at the same level of sophistication as an adult.  
See id.
  There is no requirement that the victim’s testimony be corroborated by medical or physical evidence.  
Garcia v. State
, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); 
Kemple v. State
, 725 S.W.2d 483, 485 (Tex. App.—Corpus Christi 1987, no pet.).   

Applying the appropriate standards of review to the evidence in this case, we hold that the evidence, as outlined above, is legally and factually sufficient to support the jury’s verdict on each count.  When viewed in the light most favorable to the verdict, the evidence supports a determination beyond a reasonable doubt that Appellant committed aggravated sexual assault, as well as both counts of indecency with a child.  T.T. testified to three different instances in which Appellant penetrated her mouth with his penis.  The evidence also shows that while engaging in this conduct, Appellant touched T.T.’s breasts and caused the child to touch his penis with her hands.  The specific intent to arouse or gratify the sexual desire of a person can be inferred from a defendant’s conduct, remarks, or all the surrounding circumstances.  
McKenzie v. State
, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981).  Oral expressions of intent are not required; rather, a defendant’s conduct alone is sufficient to infer intent.  
Tyler v. State
, 950 S.W.2d 787, 789 (Tex. App.—Fort Worth 1997, no pet.).  Accordingly, we conclude that the evidence is legally sufficient.

Further, we cannot say that the evidence in this case is so weak that the verdict is clearly wrong and manifestly unjust nor that the conflicting evidence so greatly outweighs the evidence supporting the verdict that the jury’s determination is manifestly unjust.  
See Johnson
, 23 S.W.3d at 9.  A decision is not manifestly unjust merely because the jury resolved conflicting views of the evidence in favor of the State.  
Cain, 
958 S.W.2d at 410.  Deferring, as we must, to the jury’s resolution of contradictory testimony and evaluation of credibility and demeanor, we conclude that the evidence, when viewed in a neutral light, is factually sufficient to support Appellant’s conviction on each count.  
See Johnson, 
23 S.W.3d at 9
.  
Accordingly, we overrule Appellant’s first two points.

III.  Double Jeopardy

In his third point, Appellant contends that the trial court deprived him of his constitutional protections against double jeopardy by allowing the State to prosecute and punish him twice for the same offense.  Appellant presents his argument, in pertinent part, as follows:

Count 1 of the Indictment alleged that there had been penile penetration of the complainant’s mouth [aggravated sexual assault].  Count 2 of the Indictment alleged a touching of the complainant’s breast [indecency with a child by contact] during the events alleged in Count 1.  Count 3 of the Indictment was waived during trial.  Count 4 alleged a touching of the Appellant’s genitals [indecency with a child by contact]. . . .  With regard to Counts 1 and 4 of the Indictment it is clear that in order for the[re] to be penetration . . . by the male sexual organ there must also be 
touching 
and hence, 
contact.  
Because Count 4 alleges conduct included within the act necessary for conviction under Count 1 of the Indictment a conviction under both counts amounts to double conviction and multiple punishments for the same act. 

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense.  
U.S. Const. amend
. V.  Generally, this clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.  
Brown v. Ohio
, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); 
Ex parte Herron
, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh’g).  To determine whether both offenses are the same, we must examine the elements of the applicable statutes to determine whether each statute “requires proof of an additional fact which the other does not.”  
Blockburger v. United States
, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932); 
see United States v. Dixon
, 509 U.S. 688, 696, 113 S. Ct. 2849, 2856 (1993); 
Parrish v. State
, 869 S.W.2d 352, 353-55 (Tex. Crim. App. 1994).  At the outset, we note that Appellant admits in his brief that he did not raise his double jeopardy complaint by way of an objection in the trial court.  Therefore, the State argues that Appellant has failed to preserve the issue for our review. 

Generally, to preserve a double jeopardy claim, a defendant must object at or before the time the charge is submitted to the jury.  
Gonzalez v. State
, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000).  An Appellant is excused from the preservation requirement, however, when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and (2) enforcement of usual rules of procedural default serves no legitimate state interests.  
Id.
 at 643.  We will find a multiple-punishment double jeopardy violation “clearly apparent on the face of the record” when the record shows multiple punishments resulting from the commission of a single act that violated two separate penal statutes, one of which is subsumed in the other.  
See Blockburger, 
284 U.S. at 304, 52 S. Ct. at 182; 
Cervantes v. State, 
815 S.W.2d 569, 572 (Tex. Crim. App. 1991).  

Courts have held indecency with a child to be a lesser included offense of aggravated sexual assault in certain circumstances—namely when the State uses one act to prove both offenses.  
See, e.g.
, 
Ochoa v. State
, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998); 
Cunningham v. State
, 726 S.W.2d 151, 153 (Tex. Crim. App. 1987); 
Beltran v. State
, 30 S.W.3d 532, 534 (Tex. App.—San Antonio 2000, no pet.).  For example, as we explained in 
Elder v. State, 
indecency with a child by touching the child’s genitals can be a lesser included offense of aggravated sexual assault of a child by penetrating the child’s sexual organ if the same act is used to prove both the touching and the penetration.  132 S.W.3d 20, 23 (Tex. App.—Fort Worth 2004, pet. ref’d), 
cert. denied, 
544 U.S. 925 (2005); 
see also Hutchins v. State
, 992 S.W.2d 629, 632 (Tex. App.—Austin 1999, pet. ref’d, untimely filed) (holding that indecency by exposure is a lesser included offense of aggravated sexual assault when the indecency charge is based on the defendant’s exposure of his penis in the course of penetrating the victim’s sexual organ).  But when evidence supporting an indecency charge is not the same as that supporting the prosecution for aggravated sexual assault, the former will not be deemed to be a lesser-included offense of the latter, and both may be prosecuted without violating the double jeopardy clause.  
See, e.g., Bottenfield v. State
, 77 S.W.3d 349, 358 (Tex. App.—Fort Worth 2002, pet. ref’d), 
cert. denied
, 539 U.S. 916 (2003) (evidence showed appellant touched victim’s “winkie” twice, thus supporting convictions for both aggravated sexual assault and indecency); 
Patterson v. State, 
96 S.W.3d 427, 432 (Tex. App.—Austin 2002) 
(holding that two separate acts of penetration supported convictions for aggravated sexual assault by penetration and by contact),
 aff'd, 
152 S.W.3d 88, 92 (Tex. Crim. App. 2004); 
Murray v. State
, 24 S.W.3d 881, 889 (Tex. App.—Waco 2000, pet. ref’d) (holding that defendant may be convicted of both indecency and aggravated sexual assault when evidence indicates that defendant penetrated victim’s female sexual organ with his fingers and touched her genitals with his tongue).

Here, the face of the record fails to show a double jeopardy violation because the record does not clearly indicate that the State was relying upon the same act to prove both Count 1 (aggravated sexual assault) and Count 4 (indecency with a child by contact).  At trial, T.T. testified that Appellant penetrated her mouth with his penis on three separate occasions and that during one of those instances he forced her to touch his penis with her hands.  This is evidence showing that Appellant committed more than one sexual offense against the child.  
Compare 
Tex. Penal Code Ann.
 § 21.11(a)(1), (c)(2) 
with id.
 § 22.021(a)(1)(B)(ii), (a)(2)(B).  Therefore, we cannot conclude that error is clearly apparent on the face of the record.  Because Appellant has failed to meet the first prong of the exception to the preservation requirement set forth by 
Gonzalez, see 
8 S.W.3d at 643, we overrule Appellant’s third point.

IV.  Confrontation Clause & Hearsay

In his fourth point, Appellant argues that the trial court deprived him of his constitutional right of confrontation by allowing Virginia Caldwell, the sexual abuse nurse who examined T.T., to testify as to the child’s description of the sexual abuse.  Appellant also argues that her testimony constituted hearsay and that T.T.’s statements to Caldwell did not qualify as an “outcry.”  
See 
Tex. Code Crim. Proc. Ann.
 art. 38.072.  However, we need not address these contentions because Appellant’s trial counsel failed to preserve error.

In order to preserve error for appellate review, Appellant must make a proper and specific objection and receive an adverse ruling on that objection. 
Tex. R. App. P.
 33.1.  In his brief, Appellant asserts that Caldwell testified “over the Appellant’s continuing, running objection on the basis of hearsay which was overruled.”  We have thoroughly reviewed the record and have found no such objection to Caldwell’s testimony.  Additionally, Appellant did not object on the basis of the confrontation clause or other any grounds.  
See Wright v. State, 
28 S.W.3d 526, 536 (Tex. Crim. App. 2000), 
cert. denied
, 531 U.S. 1128 (2001) (requiring an objection in the trial court to preserve a confrontation clause complaint for appellate review).  Therefore, his complaints are forfeited, and we overrule Appellant’s fourth point.

V.  Conclusion

Having overruled all of Appellant’s points, we affirm the trial court’s judgment.
                  

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  September 20, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Only three of the original seven counts alleged in the indictment were tried and submitted to the jury.

3:
The record reflects that all of these incidents occurred at Appellant’s apartment, which was located in Tarrant County, Texas.  Additionally, T.T. testified that at the time of the alleged sex abuse, she was “about nine or ten” years old and unmarried.    

4:
T.T. explained that she went over to the apartment thinking that Appellant was not home because his car was not in the apartment complex parking lot.